ALVENRE CORPORATION, demandante y recurrida, *v.* HON. SECRETARIO DE JUSTICIA, HÉCTOR RIVERA CRUZ, demandado y peticionario.

*Número:* CE-91-252  *Resuelto:* 18 de junio de 1992

*Jorge E. Pérez Díaz, Procurador General,* y *Vanessa Ramírez, Procuradora General Auxiliar,* abogados del peticionario; *Graciany Miranda Marchand* y *Raymond P. Burgos Santiago,* abogados de la recurrida.

## SENTENCIA

Acude ante nos el Secretario de Justicia de Puerto Rico mediante recurso de *certiorari,* solicitando la revisión de la sentencia dictada por el Tribunal Superior, Sala de Caguas, el pasado 25 de enero de 1991 en el caso de epígrafe. Dicha sentencia decreta la cancelación de la fianza prestada por Alvenre Corporation para recuperar un vehículo de motor de su propiedad que fue confiscado por la Policía

---

([1]) Lo resuelto hace innecesaria la consideración del tercer señalamiento de error.

de Puerto Rico mientras era conducido por un empleado de una compañía a la cual se le había arrendado el vehículo en cuestión. En opinión de la sala sentenciadora, la propietaria del vehículo es un "tercero inocente" al cual no le eran imputables los hechos delictivos cometidos por el conductor del vehículo y que dieron lugar a la confiscación.

Examinada la sentencia aludida, al igual que los planteamientos del Secretario de Justicia y de la parte recurrida, *se expide el auto de "certiorari" y se confirma la sentencia del tribunal de instancia.*

Lo pronunció, manda el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Fuster Berlingeri emitió una opinión de conformidad, a la que se unieron el Juez Presidente Señor Andréu García y el Juez Asociado Señor Alonso Alonso. Los Jueces Asociados Señores Rebollo López y Hernández Denton concurrieron con el resultado sin opinión escrita. El Juez Asociado Señor Negrón García y la Juez Asociada Señora Naveira de Rodón disintieron sin opinión escrita.

*(Fdo.)* Francisco R. Agrait Lladó
*Secretario General*

— O —

Opinión de conformidad emitida por el Juez Asociado Señor Fuster Berlingeri, a la cual se unen el Juez Presidente Señor Andréu García y el Juez Asociado Señor Alonso Alonso.

Para descargar plenamente nuestra responsabilidad judicial, nos parece indispensable explicar claramente las razones y los fundamentos que nos llevan al resultado que se anuncia en la breve sentencia emitida por el Tribunal en el presente caso.

Tenemos ante nuestra consideración la cuestión de cúal

es exactamente el contorno de la *defensa de tercero inocente* en casos de confiscación. La controversia surge por razón de la aparente incompatibilidad entre dos (2) pronunciamientos previos nuestros sobre el particular en *Ochoteco v. Tribunal Superior*, 88 D.P.R. 517 (1963), y en *E.L.A. v. Tribunal Superior*, 94 D.P.R. 717 (1967), ambos vigentes.

I

Los hechos de este caso fueron estipulados por las partes, quienes expresaron al tribunal sentenciador que el único asunto a resolverse era la cuestión de si la demandante recurrida es o no un "tercero inocente" cuyo derecho de propiedad sobre el vehículo de la controversia no puede verse afectado por la confiscación realizada por el Estado.

La demandante, Alvenre Corporation, es una empresa dedicada al alquiler de equipo de transporte de carga general. El 14 de noviembre de 1988, en el curso ordinario de su negocio, ésta le arrendó a "X-Press Freight Forwarders Inc.", compañía que se dedica a proveer servicios de transportación terrestre, el vehículo de motor objeto de esta controversia. Un año más tarde, el 30 de noviembre de 1989, el Sr. Gregorio Méndez Pérez, chofer empleado mediante contrato por la arrendataria, recibió de su patrono la encomienda de entregar determinada carga en el vehículo en cuestión. El chofer debía transportar dicha carga desde Carolina hasta Ceiba, donde está ubicada la Base Naval de Roosevelt Roads, que era el destino final de la carga.

Contrario a las instrucciones que había recibido, y sin autorización o conocimiento de su patrono, el chofer, en lugar de dirigirse a Ceiba, se desvió de su ruta y se dirigió al Residencial Gautier Benítez, localizado en la salida de la carretera que va de Caguas a Cayey. Allí, en horas de la tarde, fue sorprendido por agentes de la Policía mientras

realizaba una transacción en violación de la Ley de Sustancias Controladas. El chofer fue arrestado, ocupándosele 1.3586 gramos de cocaína. La Policía se incautó del vehículo propiedad de la arrendadora Alvenre Corporation, quien prestó garantía para obtener su devolución y, oportunamente, presentó demanda para impugnar la confiscación. Según la estipulación, no existía vínculo o relación alguna entre el chofer y la arrendadora del vehículo.

Con vista a lo estipulado, el tribunal de instancia determinó que el chofer había abusado de la confianza depositada en él por su patrono; que había incurrido en lo que antes se definía en nuestro Código Penal como "hurto de uso" al llevarse el vehículo en cuestión sin autorización para el residencial en Caguas, desviándose de su ruta, y, como cuestión de derecho, que la arrendadora del vehículo es un "tercero inocente" al cual no podía imputársele el acto ilícito del chofer. En consecuencia, declaró la nulidad de la confiscación.

Acude ante nos el Secretario de Justicia, inconforme con la determinación judicial de instancia, y señala como error el que el tribunal *a quo* haya resuelto que la corporación arrendadora del vehículo confiscado era un "tercero inocente". Concedimos a la parte recurrida un término de veinte (20) días para mostrar causa por la cual no debíamos revocar la sentencia del tribunal de instancia. Esta parte cumplió con nuestra orden.

## II

En nuestra jurisdicción prevalece la doctrina de que el procedimiento de confiscación va dirigido contra el vehículo mismo y no contra su dueño, de modo que si éste ha puesto el vehículo en posesión del infractor o de la persona bajo la cual éste actúa, los derechos del dueño corren la suerte del uso a que el poseedor puede someter el vehículo. *E.L.A. v. Tribunal Superior*, supra; *Metro Taxicabs v. Tesorero*, 73

D.P.R. 171 (1952); *General Motors Acceptance v. Brañuela*, 61 D.P.R. 725 (1943). Como bien señala el recurrido, en el pasado la jurisprudencia puertorriqueña sobre este asunto estuvo inclinada a negar protección a los derechos de "terceros inocentes". Este Tribunal lo señaló con claridad en *Carlo v. Srio. de Justicia*, 107 D.P.R. 356, 365 (1978), al advertir que:

> El diseño legislativo prevaleciente en Puerto Rico ... *mantiene una distancia y una separación de campos* entre la conducta del poseedor de la propiedad utilizada en la empresa criminal y el interés del dueño inocente .... La ... introducción del interés particular del dueño inocente en contraposición al legítimo interés de orden público al que sirve la confiscación, *es rara excepción* .... (Énfasis suplido.)

Este rigor ha sido justificado sobre la base de que la confiscación del instrumento del crimen es un medio importante para apoyar la lucha de las autoridades gubernamentales contra el narcotráfico. Evita que el vehículo pueda volverse a usar para fines ilícitos y sirve como castigo adicional para disuadir a los empresarios del crimen. Exposición de Motivos de la Ley Uniforme de Confiscaciones de 1988 (34 L.P.R.A. 1723 *et seq.*).

No obstante lo anterior, *existen* circunstancias especiales donde hemos protegido al tercero inocente. Como bien se indicara en *Carlo v. Srio. de Justicia*, supra, la jurisprudencia de Puerto Rico ha seguido recientemente una *"ruta de cautelosa atenuación de severidad"* en la aplicación del principio de confiscación de propiedad del inocente, principio que aún Blackstone consideraba como una "superstición heredada de [la época ciega] del feudalismo ...". (Énfasis suplido.) Íd., págs. 361–362. " 'Cada caso debe verse y pesarse a la luz de sus hechos .... [N]o toda entrega de la posesión de un vehículo tiene iguales motivaciones, ni idéntica justificación, ni la misma necesidad ni similares propósitos.' " Íd., pág. 362. Así pues, en *Ochoteco v. Tribunal Superior*, supra, resolvimos que si la posesión del ve-

hículo por el empleado al momento de su acto delictuoso es ilegal, por apartarse de las instrucciones que el patrono dio al empleado, entonces no procede la confiscación por ser el dueño un tercero inocente. Posterior a *Ochoteco v. Tribunal Superior*, supra, este Tribunal en varias ocasiones ha aclarado que para que pueda estimarse que el dueño del vehículo es un tercero inocente protegido de la confiscación, la conducta del conductor debe dar margen a una apreciación de que éste incurrió en lo que antes nuestro Código Penal tipificaba como el delito de "hurto de uso". *E.L.A. v. Tribunal Superior*, supra; *Meléndez v. Tribunal Superior*, 90 D.P.R. 656, 678–679 (1964).

El problema, pues, se reduce en cada caso a determinar si el empleado se apartó tanto de las instrucciones de su patrono que la posesión original válida que éste tenía del vehículo en cuestión se convierte en ilegal. En *Ochoteco v. Tribunal Superior*, supra, el empleado había sido instruido a que no utilizara el vehículo hasta la mañana siguiente, cuando debía conducirlo a determinado lugar. El empleado no siguió las órdenes y esa misma noche usó el vehículo para irse de parranda en compañía de amigos, cuando se le ocuparon dos (2) armas no autorizadas. La flagrante desobediencia a las instrucciones del patrono convirtieron su posesión del vehículo en ilegal. En cambio, en *E.L.A. v. Tribunal Superior*, supra, la conducta del empleado no fue tan extrema. Su desobediencia fue más bien incidental. Allí, el dueño de una panadería había enviado a su empleado a distribuir pan en varios pueblos. Mientras conducía el vehículo dentro de la ruta asignada y en las tareas que se le habían encomendado, el empleado aprovechó para incurrir en el juego de bolita. Este Tribunal, en una decisión muy dividida (5–3), resolvió que el conductor no había cometido el delito de hurto de uso al momento de infringir la Ley de Bolita, por lo que el dueño del vehículo no podía ser un tercero inocente. Como puede observarse,

estas dos (2) decisiones son distinguibles, por lo cual no hay incompatibilidad real entre ellas.

## III

Indudablemente la situación de hechos del caso ante nos ahora se asemeja mucho más a la de *Ochoteco v. Tribunal Superior*, supra, que a la de *E.L.A. v. Tribunal Superior*, supra. Aquí el empleado desobedeció sustancialmente las instrucciones del patrono. En lugar de conducir la carga a Ceiba, se desvió marcadamente de su ruta y se fue a otro lugar a realizar propósitos propios que nada tenían que ver con las órdenes de su patrono. Por ello, el tribunal de instancia determinó que la actuación del empleado era constitutiva del delito de abuso de confianza, que antes se tipificaba en nuestro Código Penal como "hurto de uso". La posesión del vehículo por el empleado al momento de su conducta delictuosa era tan contraria a las instrucciones del patrono que se había convertido en ilegal. El tribunal de instancia, por lo tanto, correctamente resolvió que no podía imputársele el acto ilícito del chofer al dueño arrendador del vehículo, quien no era ni su patrono.

Al concluir que el arrendador aquí es un tercero inocente, lo hacemos conscientes de que nuestra jurisprudencia más reciente ha reiterado la necesidad de atenuar la severidad patibularia del instrumento de la confiscación. Hemos reconocido que precisamente por la naturaleza *in rem* y punitiva de la acción de confiscación, "*[l]as confiscaciones no son favorecidas por las cortes y los estatutos autorizándolas son interpretados restrictivamente ... de suerte que resulten consistentes con la justicia y los dictados de la razón natural*". (Énfasis suplido.) *Pueblo v. González Cortés*, 95 D.P.R. 164, 168 (1967). Véase *Carlo v. Srio. de Justicia*, supra. Difícilmente puede decirse que los hechos de este caso proveen base alguna para que se cumplan los propósitos de disuación que tuvo el legislador de hacerle

cara la conducta criminal al empresario que se dedica al tráfico de drogas. Aquí el que sufriría la pena si resolvemos como nos pide el Procurador General no es el traficante que se lucró con el perverso negocio, sino un tercero que no tenía ninguna relación real con el asunto. En estas circunstancias, dejar vigente la confiscación no sirve propósito válido alguno, y la razón natural y nuestro sentido de justicia no permiten que la validemos.

De más está indicar que lo que aquí señalamos se limita a las circunstancias particulares de este caso, que es el que tenemos ante nos, donde existe una relación de patrono y empleado, en virtud de la cual este último viene obligado a seguir las instrucciones de quien lo emplea. En qué medida los criterios que hoy exponemos puedan aplicarse en otros contextos queda pendiente para determinaciones futuras.