# 2000 DTA 144

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE CAGUAS/HUMACAO/GUAYAMA**

CHARLIE CAR RENTAL, INC.
Peticionario

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO
Recurrido

Núm. KLCE-2000-00150

San Juan, Puerto Rico, a 15 de junio de 2000

Panel integrado por su Presidente, Juez Soler Aquino
y los Jueces Colón Birriel y Martínez Torres

Colón Birriel, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

Charlie Car Rental, Inc. (en adelante *"Charlie Car Rental"*) solicita que expidamos un auto de *Certiorari*, revoquemos la *"Resolución"* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, el 19 de enero del 2000, archivada en los autos copia de su notificación el 21 de enero de ese año, y dictemos sentencia sumaria a su favor.

El dictamen declaró *"No Ha Lugar"* su *"Moción Solicitando Sentencia Sumaria"*, toda vez que no lo consideró como tercero inocente, conforme lo dispone la Ley Uniforme de Confiscaciones (en adelante *"Ley Uniforme de Confiscaciones"*), 34 L.P.R.A. 1723, *et seq.*

Luego de evaluar el recurso, así como la comparecencia del Procurador General, en representación del recurrido, Estado Libre Asociado de Puerto Rico (en adelante el *"Estado"*), y el derecho aplicable, expedimos el auto y revocamos la resolución recurrida.

Para una mejor comprensión de la controversia, a continuación el trasfondo fáctico y procesal que dio origen al recurso.

### II

El 25 de agosto de 1998, Charlie Car Rental, mediante el contrato de arrendamiento número MO-88-670, arrendó a José Torres (en adelante el *"arrendatario"*), el vehículo de motor marca Mazda Protege, año 1998, tablilla número CXH-639. En el contrato, a vencer el 6 de septiembre de 1998, se identificó como único conductor autorizado para conducir el vehículo arrendado, al arrendatario.

Como parte del requisito de ley y del proceso rutinario del arrendamiento, Charlie Car Rental verificó que el arrendatario fuese un conductor autorizado. Además, procedió a incorporar en el expediente del vehículo arrendado una copia de la licencia de conducir del arrendatario con su foto y firma, expedida por el Estado de Nueva York. Así las cosas, el 3 de septiembre de 1998, el vehículo arrendado fue confiscado por la Policía de Puerto Rico por alegadamente haber sido utilizado en el trasiego de sustancias controladas.

El 6 de octubre de 1998, Charlie Car Rental radicó ante el foro recurrido demanda sobre *"Impugnación de Confiscación de Vehículo de Motor"* impugnando la confiscación efectuada. Alegó, entre otros, ser un tercero inocente a tenor con la Ley Uniforme de Confiscaciones.

Tras otros incidentes procesales, el 10 de septiembre de 1999, Charlie Car Rental solicitó se dictara sentencia sumaria a su favor, conforme a su alegación de ser tercero inocente, según la Ley Uniforme de Confiscaciones. Por su parte, el Estado se opuso. Alegó que Charlie Car Rental no presentó prueba de haberle tomado una fotografía al conductor autorizado, en este caso, el arrendatario, como requiere la Ley Uniforme de Confiscaciones.

Charlie Car Rental alegó que conforme a la referida ley, sólo bastaba con tener en el expediente del arrendamiento del vehículo, una fotocopia de la licencia de conducir con la foto del arrendatario. El Estado refutó el argumento sosteniendo que con la inclusión de la fotocopia de la licencia de conducir del arrendatario del vehículo, no se cumplía con el requisito de la Ley Uniforme de Confiscaciones.

Así las cosas, el 19 de enero del 2000, el foro recurrido decretó *"No Ha Lugar"* a la solicitud de sentencia sumaria de Charlie Car Rental. Oportunamente, éste, el 22 de febrero del 2000, presentó el recurso que nos ocupa. Alegó que el foro recurrido incidió al: a) declarar no ha lugar su solicitud de sentencia sumaria.

## III

La controversia, en esencia, se circunscribe a dilucidar: si la inclusión de una fotocopia de la licencia de conducir del arrendatario (con su foto), incluida por la empresa de alquiler de vehículos en el expediente de la unidad arrendada, cumple con las disposiciones de la Ley Uniforme de Confiscaciones para que dicha empresa sea considerada tercero inocente.

El Artículo 2 de la Ley Uniforme de Confiscaciones, 34 L.P.R.A. sec. 1723, establece la regla general respecto a las propiedades a ser confiscadas:

*"Toda propiedad que sea utilizada en relación a la comisión de delitos graves y de aquellos delitos menos graves en que por ley se autorice la confiscación, cuando tales delitos graves y menos graves estén tipificados en el Código Penal del Estado Libre Asociado de Puerto Rico, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones, así como en otras leyes y aquella propiedad que esté sujeta a una sentencia de confiscación que así lo autorice, será confiscada [a] favor del Estado Libre Asociado de Puerto Rico."*

Ese artículo fue enmendado por la Ley Núm. 167 de 26 de agosto de 1996, para añadirle lo siguiente:

*"Disponiéndose, que no estará sujeto a ocupación para fines de confiscación, un vehículo alquilado a una empresa acreditada, el cual es usado en la comisión de un delito en que por ley se autorice la confiscación, a menos que el Estado pruebe la existencia de un vínculo delictivo entre el dueño del vehículo y la persona que lo alquila o lo maneje.*

*Cuando no proceda la confiscación por las circunstancias antes expuestas, el arrendatario del vehículo deberá pagar a favor el Estado Libre Asociado de Puerto Rico, el monto de la tasación del mismo. Para que una empresa acreditada como de alquiler de vehículos pueda levantar esta defensa, deberá haber verificado que el arrendador del vehículo, cuando sea una persona natural, era un conductor autorizado conforme a las Leyes del Estado Libre Asociado de Puerto Rico. Además, mediante un sistema fotográfico identificará e incluirá en el expediente de la unidad arrendada la fotografía de la persona a quien se le entregó el vehículo, quien también deberá ser un conductor autorizado, conforme a las Leyes del Estado Libre Asociado de Puerto Rico ...".*

Como se puede apreciar, la Ley Núm. 167, *supra*, trasladó el peso de la prueba, en cuanto a la existencia de un vínculo delictivo entre el usuario del vehículo alquilado y la empresa dueña del vehículo, al Estado. Es decir, cuando el dueño del vehículo es una empresa dedicada al arrendamiento de vehículos de motor, para que proceda la confiscación, el Estado tiene que probar la existencia de un vínculo delictivo entre el dueño del vehículo y la persona que lo alquila y lo maneja. Véase, Exposición de Motivos, Leyes de Puerto Rico, Ley Núm. 167, *supra*. En aquellos casos en que no proceda la confiscación por las razones antes mencionadas, la ley ahora dispone que la persona a quien se le arrendó el vehículo vendrá obligada a pagar al Estado el monto de la tasación del vehículo ocupado.

La propia Ley Núm. 167, *supra*, impone una serie de condiciones a la empresa arrendadora para poder levantar la defensa de tercero inocente. Así, el citado Artículo 2 dispone que, antes de levantar esta defensa, la empresa arrendadora debe demostrar que ha cumplido estrictamente con tres condiciones: (1) que es una empresa acreditada como de alquiler de vehículos; (2) que ha verificado que el arrendador del vehículo, cuando sea una persona natural, es un conductor autorizado, conforme a las leyes del Estado Libre Asociado de Puerto Rico, y (3) que mediante un sistema fotográfico, ha identificado e incluido en el expediente de la unidad arrendada la fotografía de la persona a quien se le entregó el vehículo, quien también deberá ser un conductor autorizado.

En el caso ante nuestra consideración, el Estado aceptó ante el Tribunal de Primera Instancia que Charlie

Car Rental: a) es una empresa acreditada como de alquiler de vehículos, y b) que verificó que el arrendador es conductor autorizado. Sin embargo, entendió que no cumplió con el tercer requisito. Sostuvo que la fotografía que identifique a la persona arrendadora del vehículo no puede ser una copia fotostática de la fotografía que aparece en la licencia. Entendió que permitirlo sería una burla al propósito de la ley. Sin embargo, en su alegato ante nos, el Estado admite lo contrario, es decir, que la fotocopia de la fotografía que aparece en la licencia de conducir es suficiente para cumplir con lo que exigía la ley. Informe al Procurador General, págs. 5-6.

La propia exposición de motivos de la ley expone con claridad su propósito, examinémosla:

*"En la actualidad, cuando un vehículo alquilado es confiscado por las autoridades por haber sido usado en el transporte ilegal de drogas o armas, la empresa dueña del vehículo tiene que atravesar un tedioso proceso para recuperar el mismo. El peso de probar que no había vínculo delictivo entre el usuario del vehículo alquilado y la empresa dueña del mismo, recae sobre la empresa.*

*El propósito de esta legislación es establecer la presunción de que no. existe vínculo alguno entre la empresa dueña del vehículo alquilado, el cual es usado en la comisión de un delito en que por ley se autorice la confiscación, y el usuario u operador del mismo. Sólo podrá confiscarse dicho vehículo si el estado prueba afirmativamente la existencia de dicho vínculo.*

*También dispone que cuando no proceda la confiscación, por tratarse de un vehículo arrendado, el arrendatario del vehículo vendrá obligado a pagar al Estado el monto de la tasación del vehículo.*

*Así, también, la Regla 218 de las Reglas de Procedimiento Criminal vigentes, 34 L.P.R.A. Ap. II, R. 218, faculta a los jueces para imponer ciertas condiciones a un imputado de delito que va a permanecer en libertad bajo fianza hasta la celebración del juicio. Estas condiciones pueden ser en sustitución de la fianza o en adición a la misma.*

*Como expresamos anteriormente, mediante la presente legislación nos proponemos enmendar la Ley Núm. 93 de 14 de julio de 1988, según enmendada, conocida como "Ley Uniforme de Confiscaciones de 1988", a fin de disponer que no estará sujeto a ocupación para fines de confiscación, un vehículo alquilado a una empresa acreditada, el cual es usado en la comisión de un delito, a menos que el Estado pruebe la existencia de un vínculo delictivo entre el dueño del vehículo y la persona que lo alquila o lo maneje.*

*También forma parte de la enmienda propuesta a la antes referida Ley Uniforme de Confiscaciones, el que cuando no proceda la confiscación por las circunstancias expuestas, la persona a quien se le ocupó el vehículo arrendado deberá pagar a favor del Estado Libre Asociado de Puerto Rico el monto de la tasación del vehículo que le fuere ocupado.*

*Las enmiendas propuestas a la Ley Uniforme de Confiscaciones de Puerto Rico hacen necesaria la enmienda aquí propuesta a la Regla 218 de las Reglas de Procedimiento Criminal vigentes. Al enmendar esta Regla, se faculta a los jueces para que al momento de imponer condiciones a un imputado de delito que va a permanecer en libertad bajo fianza, verifiquen si en la comisión del delito se utilizó un vehículo alquilado, en cuyo caso, como parte de las condiciones, le deberá requerir al imputado que preste una garantía legal suficiente a favor del Estado Libre Asociado de Puerto Rico para satisfacer el monto de la tasación del vehículo que le fue ocupado, para que la misma responda cuando se tenga que ejecutar la garantía porque la confiscación procede en derecho, el producto de la misma será depositado en el fondo especial administrado por la Junta de Confiscaciones según establecido en la Ley Núm. 93 de 13 de julio de 1988, según enmendada.*

*Esta Asamblea Legislativa entiende que con la aprobación de las enmiendas aquí sugeridas, no sólo se le hace justicia a las empresas que se dedican al alquiler de automóviles en la isla, sino que también pasándole la responsabilidad a los delincuentes se fomenta el desarrollo de los negocios, la industria del turismo y en última instancia se protege el bolsillo del consumidor puertorriqueño.*

*El propósito de la Ley Núm. 167, supra, es claro: evitar que el vehículo alquilado a una empresa acreditada sea confiscado cuando el Estado no pruebe vínculo delictivo entre el usuario del vehículo alquilado y la empresa dueña del mismo, para que ésta no tenga que atravesar un tedioso proceso para recuperar el mismo y, a la vez, pasar la responsabilidad de pagar el valor de tasación del vehículo confiscado a los delincuentes, como sanción adicional por su acto delictivo."*

Es menester señalar que esta última disposición legal, a su vez, fue enmendada por la Ley Núm. 32 de 14 de enero del 2000 para que leyera de la siguiente manera:

*"... Además, mediante un sistema fotográfico o una fotocopia inequivocamente clara de la licencia de conducir, identificará e incluirá en el expediente de la unidad arrendada la fotografía de la persona a quien se le entregó el vehículo, quien también deberá ser un conductor autorizado, conforme a las leyes del Estado Libre Asociado de Puerto Rico."*

Cuando ocurrieron los hechos aquí expresados, todavía estaba vigente la enmienda establecida por la Ley Núm. 167, *supra*. No obstante, la última enmienda al Artículo 2, Ley Núm. 32, *supra*, nuevamente demuestra que la voluntad legislativa ha estado claramente enfocada con el hecho de que una simple fotocopia de la licencia de conducir cumple con el requisito de identificar al arrendatario, la que debe incluirse en el expediente de la unidad arrendada.

En el presente caso, Charlie Car Rental acompañó, conjuntamente con su Solicitud de Sentencia Sumaria, entre otros documentos, una fotocopia de la licencia de conducir del arrendatario del vehículo. Esta, a su vez, contiene una fotografía del arrendatario, a través de la cual se puede identificar su persona. Ello cumple con el requisito de identificar a la persona que arrendó el vehículo, mediante un sistema fotográfico, si tomamos en consideración el propósito de la Ley Núm. 167, *supra*, y su historial legislativo.

La contención de que al alquilar un vehículo de motor a una empresa acreditada, ésta tiene que tomarle una fotografía a la persona a quien se le alquile el vehículo o se le exija la entrega de una foto, y que esta es la única forma de cumplir con el requisito de identificación mediante un sistema fotográfico, es contraria al propósito legislativo que inspiró la promulgación y aprobación de la Ley Núm. 167, *supra*. La misma persigue el desarrollo de los negocios, de la industria del turismo y de proteger el bolsillo del consumidor.

Entendemos que requerir a una empresa acreditada para el alquiler de vehículos de motor que tenga en su local de negocios una cámara fotográfica o fotógrafo, o bien exija la entrega de una fotografía a la persona que lo alquila, lejos de desarrollar los negocios y la industria turística, los perjudica y desalienta, sin considerar el incremento en los costos de operación de la empresa, quien necesariamente tiene que trasladar el costo al consumidor, perjudicando su bolsillo, todo ello contrario al propósito legislativo de la referida ley. De otra parte, surge claramente del texto de la ley enmendada que recae sobre el Estado el peso de la prueba para demostrar la existencia del vínculo delictivo entre el dueño del vehículo y la persona que lo alquila o maneja para que proceda la confiscación.

Por otro lado, nuestro Tribunal Supremo ha indicado que *"al concluir que el arrendador es un tercero inocente, lo hacemos consciente de que nuestra jurisprudencia más reciente ha reiterado la necesidad de atenuar la severidad patibularia del instrumento de la confiscación ... Aquí el que sufriría la pena ... no es el traficante que se lucró con el perverso negocio, sino un tercero que no tenía ninguna relación real con el asunto. En estas circunstancias, dejar vigente la confiscación no sirve propósito válido alguno; y la razón natural y nuestro sentido de justicia no permiten que la validemos." Alvenre Corporation v. Hon. Secretario de Justicia*, 130 D.P.R. 760, 766-767 (1992).

En mérito a lo expuesto, determinamos que Charlie Car Rental es un tercero inocente, conforme a la Ley Uniforme de Confiscaciones, por lo que no procede la confiscación de su vehículo. La mencionada ley dispone

claramente que la arrendadora identificará mediante un sistema fotográfico a la persona que arriende un vehículo y, como mencionamos anteriormente, del retrato de la licencia de conducir se podía identificar al arrendatario.

En su consecuencia, expedimos el auto solicitado y revocamos la resolución recurrida que declaró *"No Ha Lugar"*, la solicitud de sentencia sumaria de Charlie Car Rental. En su lugar, dictamos la misma, declarando con lugar la demanda de impugnación de confiscación instada por Charlie Car Rental.

Así lo acordó el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General