EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Aida L. López Rivas, et al.<br><br>     Recurridos<br><br>          v.<br><br>Hon. Anabelle Rodríguez,<br>Secretaria de Justicia<br><br>     Peticionaria | Certiorari<br><br>2004 TSPR 109<br><br> 161 DPR \_\_\_\_ |

Número del Caso: CC-2003-79

Fecha: 28 de junio de 2004

Tribunal de Circuito de Apelaciones:

                    Circuito Regional VI

Juez Ponente:

                    Hon. Andrés E. Salas Soler

Oficina del Procurador General:

                    Lcdo. Héctor Clemente Delgado
                    Procurador General Auxiliar

Abogado de la Parte Recurrida:

                    Lcdo. Luis Cabrera Medina


Materia: Ley Uniforme de Confiscaciones

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Aida L. López Rivas, *et al.*

    Recurridos

                                CC-2003-079

      v.

Hon. Anabelle Rodríguez,
Secretaria de Justicia

    Peticionaria


Opinión del Tribunal emitida por la Jueza Presidenta señora NAVEIRA MERLY


En San Juan, Puerto Rico, a 28 de junio de 2004.


En esta ocasión nos corresponde, en primer lugar, determinar aquel evento que debe considerarse como punto de partida para computar el término de quince (15) días que conforme al Art. 4 de la Ley Uniforme de Confiscaciones de 1988, Ley Núm. 93 de 13 de Julio de 1988, según enmendada, 34 L.P.R.A. sec. 1723 (b) (en adelante Ley Uniforme de Confiscaciones), tiene disponible el Estado Libre Asociado de Puerto Rico (en adelante E.L.A.) para notificar  la confiscación de propiedades utilizadas en la comisión de ciertas actividades ilícitas.

También debemos resolver si procede la desestimación de una demanda de impugnación de confiscación por el solo hecho de que el demandante, en el epígrafe, identificó al E.L.A. como Anabelle Rodríguez, Secretaria de Justicia de Puerto Rico; aun cuando de la súplica y todas las alegaciones, leídas en conjunto, surge, con meridiana claridad, que se trata de una demanda de impugnación de confiscación dirigida contra el E.L.A. Especialmente cuando la alegación número 11 expresa claramente "[q]ue se demanda al Estado Libre Asociado por conducto de la Secretaria de Justicia, por ser la entidad que confiscó sin causa válida alguna el vehículo y el dinero aquí en cuestión" y en la súplica se solicita se ordene la devolución del dinero y vehículo confiscado. Debemos pues, interpretar si procesalmente estamos ante de una demanda que por ser insuficiente de su faz procede se desestime.

A los fines de disponer de esta controversia, exponemos el trasfondo procesal y los hechos pertinentes, que no están en controversia.

I

A raíz de una intervención policíaca efectuada el 30 de octubre de 2001, las autoridades correspondientes ordenaron la confiscación de un vehículo de motor marca Acura, modelo Integra, del año 1998, tablilla número DAR-377, por alegadamente haber sido utilizado en la comisión de varias infracciones a la Ley de Sustancias

Controladas y a la Ley de Protección de la Propiedad Vehicular.[1] El 14 de noviembre de 2001, luego de que en esa misma fecha, la Superintendencia Auxiliar de Investigaciones Criminales, Negociado de Investigaciones de Vehículos Hurtados de la Policía de Puerto Rico, emitiera un certificado de Inspección de Vehículos de Motor,[2] el Departamento de Justicia, a través de la Junta de Confiscaciones, le notificó a las partes interesadas, entiéndase a los recurridos Sr. Giovanni Roque López y Sra. Aida L. López Rivas (en adelante López Rivas), la aludida confiscación.

Inconforme con la confiscación efectuada, el 30 de noviembre de 2001 López Rivas presentó ante el Tribunal de Primera Instancia una acción civil sobre impugnación de confiscación.[3] Oportunamente, el E.L.A. compareció ante el mencionado foro haciendo constar que no se sometía a su jurisdicción. Solicitó la desestimación de la demanda. Fundamentó su pedido en que López Rivas no cumplió con el requisito de demandar al E.L.A. según establecido en el Art. 8 de la Ley Uniforme de

---

[1] Al momento de la intervención  el vehículo de motor objeto de litigio era conducido por el Sr. Giovanni Roque López y  aparecía inscrito en el Departamento de Transportación y Obras Publicas a nombre de la recurrida Sra. Aida L. López Rivas.

[2] Dicho documento establecía que el vehículo objeto del litigio tenía en orden los números de serie e identificación del manufacturero.

[3] El 19 de diciembre de 2001 López Rivas emplazó a la Secretaria de Justicia.

Confiscaciones. En oposición, López Rivas argumentó que había demandado al E.L.A. por conducto de la Secretaria de Justicia. Añadió, como fundamento adicional a su impugnación, que la notificación de la confiscación no se realizó dentro del término de quince (15) días establecido en el Art. 4 de la Ley Uniforme de Confiscaciones. A juicio de López Rivas, dicho término comenzó a decursar a partir de la ocupación del vehículo de motor en controversia.

Trabadas las controversias, y luego de varios incidentes procesales que no son necesarios aquí pormenorizar, el Tribunal de Primera Instancia desestimó la demanda de impugnación presentada por López Rivas. Resolvió que al no haberse incluido al E.L.A. como co-demandado, se privó al tribunal de jurisdicción para entender en las controversias traídas ante su consideración.

Insatisfecho, López Rivas acudió al Tribunal de Apelaciones. En su recurso sostuvo que incidió el tribunal de instancia al declararse sin jurisdicción para atender el caso de marras. El tribunal apelativo intermedio, sin discutir el planteamiento de falta de jurisdicción sobre la persona, el cual entendemos denegó tácitamente al considerar el caso en sus méritos, revocó el dictamen emitido por instancia. Fundamentó su decisión en que la confiscación se hizo fuera del término de quince (15) días que provee el Art. 4 de La

Ley Uniforme de Confiscaciones, término que según el foro apelado comienza a decursar desde la fecha en que tuvieron lugar los hechos delictivos que motivaron la confiscación.[4]

Inconforme, el E.L.A. acudió ante nos mediante recurso de *certiorari*. En esencia, planteó que erró el Tribunal de Apelaciones al decretar la improcedencia de la confiscación a base de un cómputo equivocado del término aplicable para notificar la misma. Cabe señalar que no planteó como error la falta de jurisdicción sobre su persona que como defensa afirmativa había hecho en el foro de instancia. Resolvemos.

## II

Como es sabido, la Ley Uniforme de Confiscaciones, autoriza, en su Art. 2, la confiscación a favor del E.L.A. de toda propiedad que se haya utilizado en la comisión de delitos graves y de aquellos delitos menos graves en que por ley se autorice la confiscación, cuando tales delitos graves y menos graves estén tipificados en el Código Penal de Puerto Rico, y en las

---

[4] Precisa señalar que la decisión emitida por el Tribunal de Apelaciones estuvo fundamentada en lo dispuesto en el derogado Art. 4 de La Ley Uniforme de Confiscaciones, *supra*, el cual, en lo pertinente, establecía que:

La notificación se hará en forma fehaciente, dentro de los quince (15) días siguientes a la ocupación, mediante su envío por correo con acuse de recibo a la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada.

leyes de sustancias controladas, entre otras. El procedimiento para efectuar tales confiscaciones es uno de carácter civil o *in rem*, es decir, va dirigido contra la cosa misma y no contra el dueño de la propiedad, su poseedor, encargado o cualquier otra persona con algún interés legal sobre ésta. *Negrón v. Srio de Justicia,* Op. de 2 de mayo de 2001, 2001 T.S.P.R. 63, 2001 J.T.S. 66; *Santiago Meléndez v. Supte. Policia de P.R.,* Op. de 23 de junio de 2000, 2000 T.S.P.R. 95, 2000 J.T.S. 115; *Del Toro v. E.L.A.*, 136 D.P.R. 973 (1994); *Alvenre Corp. V. Srio de Justicia*, 130 D.P.R. 760 (1992); véase, además, Exposición de Motivos de la Ley Uniforme de Confiscaciones.

Ahora bien, aun cuando el procedimiento de confiscación es de carácter civil e *in rem*, la Ley Uniforme de Confiscaciones requiere que se notifique de tal confiscación al dueño, al acreedor condicional que tiene su gravamen inscrito en el Departamento de Transportación y Obras Públicas, o al encargado o persona con derecho o interés en la propiedad ocupada. Arts. 3 y 4 de la Ley Uniforme de Confiscaciones. El requisito estatutario de notificación a cada una de estas personas persigue el propósito de salvaguardar los derechos constitucionales de una parte que tenga interés en la propiedad confiscada y brindarle la oportunidad de levantar y probar las defensas válidas que pueda tener.

A tales efectos, y en lo que respecta al requisito de notificar de la confiscación a las partes afectadas, el Art. 4 de la Ley Uniforme de Confiscaciones, según enmendado por las Leyes Núm. 95 de 20 de marzo de 1999 y Núm. 32 de 14 de enero de 2000, establece que la misma:

> **[se] hará en forma fehaciente dentro de quince (15) días a partir de la entrega del informe redactado por los Oficiales del Orden Público relacionado con la investigación requerida por las secs. 3201 et seq. del Título 9, conocida como "Ley de Propiedad Vehicular",** y su envío se hará por correo con acuse de recibo a la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada.
>
> En los casos de confiscación al amparo de las secs. 3201 *et seq*. del Título 9, conocidas como "Ley Para la Protección de la Propiedad Vehícular"[5] la notificación se hará en forma fehaciente dentro de quince (15) días a partir de la entrega del informe redactado por los Oficiales del Orden Público relacionado con la investigación requerida por dicha Ley; y su envío se hará por correo con acuse de recibo a la dirección conocida del dueño, encargado o persona con derecho o interés en la propiedad ocupada. En los casos en que se autoriza a incautar y retener para investigación cualquier vehículo o pieza por un período de hasta treinta (30) días, los quince (15) días para notificar la confiscación comenzarán a contarse una vez transcurrido dicho período.(Énfasis suplido.)

Sabido es que "cuando la ley es clara, libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir con su

---

[5]La mencionada disposición legal crea un registro donde los agentes del orden público verifican que el vehículo ocupado no haya sido reportado como robado, apropiado ilegalmente, confiscado, abandonado, o haya sido desmantelado o alterado sustancialmente, entre otras.

espíritu". Art. 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14. El texto de la ley objeto de esta controversia es claro y no requiere de mucha interpretación.

Estando en vigor las mencionadas enmiendas al Art. 4 de la Ley Uniforme de Confiscaciones al momento de la ocupación del vehículo de motor objeto de litigio, es forzoso concluir que, en el presente caso, el punto de partida correcto para computar los quince (15) días que tiene el Estado para efectuar la notificación de confiscación comenzaron a decursar el 14 de noviembre de 2001, fecha en la que la Superintendencia Auxiliar de Investigaciones Criminales del Negociado de Investigaciones de Vehículos Hurtados de la Policía de Puerto Rico emitió el Certificado de Inspección de Vehículos de Motor del vehículo perteneciente a la recurrida señora López Rivas. El aludido término vencía el 29 de noviembre de 2001.

Habiéndose remitido, por correo certificado con acuse de recibo, la correspondiente notificación el 15 de noviembre de 2001, resulta forzoso concluir que dicho trámite se efectuó conforme a derecho. Por ende, no procedía la invalidación de la confiscación como lo determinó el foro apelado.

III

Una vez determinado que el E.L.A. hizo la notificación dentro del término establecido por ley

procede que pasemos a considerar si la falta de inclusión específica del E.L.A. en el epígrafe de la demanda privó al tribunal de instancia de jurisdicción sobre la persona del E.L.A. y si procedía pues, la desestimación de la demanda de impugnación de confiscación. Veamos.

Como es sabido, la Ley Uniforme de Confiscaciones de 1988 establece que:

> Las personas notificadas a tenor con lo dispuesto en esta Ley podrán impugnar la confiscación dentro de los quince (15) días siguientes a la fecha en que se reciba la notificación **mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico y el funcionario que autorizó la ocupación,** debiéndose emplazar al Secretario de Justicia dentro de los treinta (30) días siguientes a la fecha en que se recibió la notificación. Estos términos son jurisdiccionales. El Secretario de Justicia formulará sus alegaciones dentro de los veinte (20) días de haber sido emplazado.(Énfasis suplido.)

Ciertamente, del precepto que antecede surge con meridiana claridad que para que los tribunales puedan adquirir jurisdicción sobre el Estado en un pleito de impugnación de confiscación es necesario que se demande a éste y se diligencie el correspondiente emplazamiento al (a la) Secretario(a) de Justicia dentro de los términos establecidos en el propio Art. 8 de la Ley Uniforme de Confiscaciones. *Negrón v. Srio. de Justicia*, *supra*.

**Ahora bien, en una jurisdicción como la nuestra donde lo que se requiere es que la demanda le notifique a la parte demandada, a grandes rasgos, las reclamaciones que se le están haciendo, el determinar si efectivamente se le ha notificado a una persona, natural o jurídica, las reclamaciones que se le están haciendo, requiere de un análisis más allá de simplemente auscultar el epígrafe de la demanda. Una determinación de esta naturaleza requiere que se analicen todas las alegaciones de la demanda, de forma conjunta, las unas con las otras. Si de este análisis surge que los demandados están razonablemente prevenidos de la reclamación que existe en su contra, se considera que la demanda es suficiente y no procede su desestimación.** Regla 6.6 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Reyes v. Cantera Ramos*, 139 D.P.R. 925, 929-931 (1996); *Ortiz Díaz v. R. & R. Motor Sales Corp.*, 131 D.P.R. 829, 835 (1992); *Mercado Cintrón v. Zeta Com., Inc.*, 135 D.P.R. 737 (1994); *Moa v. E.L.A.*, 100 D.P.R. 573 (1972).

En reiteradas ocasiones hemos advertido a los litigantes:

> "que este Tribunal hará todo lo que esté a su alcance para que los casos sean resueltos en sus méritos y no por sutilezas legales de alegaciones y procedimientos ... [y que hace] tiempo los tribunales han abandonado la teoría de que impartir justicia constituye un juego. Los litigantes deben hacer lo mismo. Ninguna parte en un procedimiento tiene un interés adquirido en los errores gramaticales y de procedimientos

incurridos por su adversario". *Reyes v. Ramos Cantera, supra.*

Recientemente reconocimos que el problema aún persiste al expresar que " [e]n ocasiones los trámites judiciales se complican innecesariamente e impiden que las controversias puedan resolverse en forma justa, rápida y económica conforme lo dispuesto en la Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III". *Reyes v. Cantera Ramos, supra*; *Méndez v. Ruiz Rivera,* 124 D.P.R. 579, 581 (1989).

A pesar de nuestras advertencias, una vez más nos vemos precisados a revitalizar la norma procesal de que las demandas hay que interpretarlas de forma liberal a favor del demandante, impidiendo que meras sutilezas procesales interfieran con la resolución en los méritos de las controversias y el deber de los tribunales de impartir justicia.

En el presente caso, si bien la señora López Rivas no incluyó al E.L.A., específicamente por su nombre, en el epígrafe de su demanda presentada el 30 de noviembre de 2001, este hecho aislado no puede tener el drástico efecto de impedir que la solicitud de impugnación de confiscación se vea en los méritos. Debemos proceder a analizar las circunstancias procesales del caso relacionadas con la demanda y el emplazamiento del E.L.A., para poder determinar si se cumplió con el requisito de notificarle adecuadamente al Estado de las

reclamaciones que se le estaban haciendo, de forma tal que este pueda comparecer a defenderse si así lo desea. Debemos tener presente que en nuestro régimen de derecho procesal, el propósito de la demanda es simplemente bosquejar a grandes rasgos las reclamaciones que se están haciendo en contra de los demandados. *Reyes v. Cantera Ramos, supra; Ortiz Díaz v. R. & R. Motor Sales Corp.supra; Mercado Cintrón v. Zeta Com., Inc., supra; Moa v. E.L.A., supra.*

En lo que respecta al caso de marras, y aunque en el epígrafe de la demanda se hizo constar como parte demandada a la Hon. Anabelle Rodríguez, Secretaria de Justicia de Puerto Rico como la parte demandada, en la undécima (11) alegación de dicha demanda se expresó **"que se demanda[ba] al Estado Libre Asociado de Puerto Rico por conducto de la Secretaria del Departamento de Justicia, por ser la entidad que confiscó sin causa válida alguna el vehículo y el dinero aquí en cuestión".**(Énfasis suplido.) De igual forma, en el resto de sus alegaciones López Rivas expresó, en términos generales, en que consistieron las actuaciones, alegadamente negligentes, de los funcionarios del E.L.A. que dieron pie a la confiscación.[6] Cabe señalar, además, que en la súplica específicamente se solicitó "que previo los trámites de rigor de ley, declare CON LUGAR

---

[6] Véanse, además, las alegaciones núms. 2 a la 9 de la demanda presentada el 30 de noviembre de 2001.

la presente demanda y ordene la devolución del dinero, y del auto confiscado y/o dicte cualquier otro pronunciamiento que en derecho proceda".

Ciertamente, una interpretación liberal y razonable de todas estas alegaciones, analizando las unas con las otras y tomadas éstas en conjunto, con el epígrafe y la súplica de la demanda, nos lleva a concluir que López Rivas hizo las reclamaciones tanto contra la Secretaria de Justicia como contra el E.L.A. La demanda cumplió con el propósito de bosquejar las reclamaciones e informar al E.L.A., a grandes rasgos, de éstas. Tanto el E.L.A. como la Secretaria de Justicia estuvieron razonablemente prevenidos de lo que se les reclamaba.

Esta interpretación de las alegaciones indiscutiblemente cumple con el propósito de hacer justicia sustancial sin violentar el debido proceso de ley. Máxime cuando es sabido que, bajo el esquema estatutario vigente, el Secretario de Justicia es el funcionario facultado para brindarle representación legal al E.L.A. en los casos de impugnación de las confiscaciones. A tales efectos, y en su parte pertinente, el Art. 64 del Código Político, 3 L.P.R.A. sec. 72, dispone que:

> **El Secretario de Justicia representará al Estado Libre Asociado de Puerto Rico, bien personalmente, o por medio de auxiliares o cualquiera de los Fiscales, en todas las demandas y procesos civiles o criminales en**

> **que fuera parte**; y cuando fuere requerido
> por el Gobernador o por cualquier Jefe de
> Departamento podrá representar también, ante
> cualquier Tribunal, a cualquier funcionario,
> empleado o agente del Gobierno Estadual que
> demandare o fuere demandado en su capacidad
> oficial. (Énfasis suplido.)

De conformidad con las anteriores disposiciones, y cónsono con los postulados básicos de la nueva Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 21 de 22 de agosto de 2003, que propicia un sistema de justicia en que se provea acceso inmediato y económico, sin interponer tecnicismos procesales innecesarios, para atender los reclamos de nuestra ciudadanía, es forzoso concluir que el Estado fue debidamente notificado de la reclamación en su contra. Cabe señalar que así lo entendió el E.L.A. al comparecer a defenderse, aunque expresó que lo estaba haciendo sin someterse a la jurisdicción del tribunal.

IV

Por los fundamentos antes expuestos, se revoca la sentencia emitida por el Tribunal de Apelaciones. Se devuelve el caso al foro de instancia para que asuma jurisdicción y continúe los procedimientos de forma compatible con lo aquí resuelto.

                              MIRIAM NAVEIRA MERLY
                              Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Aida L. López Rivas, *et al.*

    Recurridos

      v.

                              CC-2003-079

Hon. Anabelle Rodríguez,
Secretaria de Justicia

    Peticionario

SENTENCIA

San Juan, Puerto Rico a 28 de junio de 2004

    Por los fundamentos antes expuestos, se revoca la sentencia emitida por el Tribunal de Apelaciones. Se devuelve el caso al foro de instancia para que asuma jurisdicción y continúe los procedimientos de forma compatible con lo aquí resuelto.

    Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

                        Patricia Otón Olivieri
                Secretaria del Tribunal Supremo