Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Krystal De León Santiago<br><br>Apelada<br><br>vs.<br><br>E.L.A. de P.R. representado por el Hon. Secretario de Justicia Domingo Emanuelli Hernández<br><br>Apelantes | KLAN202400394 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2021CV04869 (702)<br><br>Sobre: Impugnación de Confiscación |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Rivera Colón, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de mayo de 2024.

Comparece ante nos, el Gobierno de Puerto Rico, representado por la Oficina del Procurador General (Estado o parte apelante), quien presenta recurso de apelación en el que solicita la revocación de la "Sentencia" dictada el 1 de febrero de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante el referido dictamen, el foro primario declaró Ha lugar la "Moción de Sentencia Sumaria" presentada por la señora Krystal De León Santiago (Sra. De León Santiago o parte apelada), y ordenó la devolución de $9,160.00, más intereses.

Examinada la solicitud de autos, el "Alegato de la Parte Apelada", la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, revocamos la "Sentencia" apelada mediante los fundamentos que expondremos a continuación.

---

[1] Notificada el 2 de febrero de 2024.

Número Identificador

SEN2024 _____

**I.**

El 30 de noviembre de 2021, la Sra. De León Santiago presentó una "Demanda" contra el Estado, y solicitó la entrega de un dinero confiscado. En esencia, alegó que, el 26 de mayo de 2021, mientras la Policía de Puerto Rico diligenciaba una orden de registro y allanamiento en su propiedad, se le confiscó la cantidad de $9,160.00.[2] Aduce que dicha confiscación es nula e ilegal, toda vez que no se cumplió con los requisitos exigidos por la Ley Uniforme de Confiscaciones de 2011, *infra*. Específicamente, arguye que, a pesar de transcurrido el término jurisdiccional para así hacerlo, la Junta de Confiscaciones no le notificó la aludida confiscación. Además, afirmó que, a pesar de que se le imputó la comisión de varios delitos, se determinó no causa en la vista de determinación de causa probable para el arresto, y posteriormente se desestimó la solicitud de vista en alzada.[3]

Así las cosas, el 29 de diciembre de 2021, el Estado presentó una "Solicitud de Desestimación" y, en síntesis, argumentó lo siguiente: (1) que la demanda de impugnación de confiscación no es el mecanismo procesal adecuado para reclamar la devolución del dinero ocupado, y que el mismo no fue confiscado; (2) que el tribunal no posee jurisdicción para atender el asunto, puesto que no se han agotado los remedios administrativos ante el Departamento de Hacienda; y (3) que la parte apelada deja de exponer una reclamación que justifique la concesión de un remedio.

Sobre el primer argumento, sostuvo que el dinero no fue confiscado, sino que fue ocupado por los agentes del orden

---

[2] Según surge del "Inventario de la Propiedad Ocupada", la cantidad de $9,160.00 consistía en 91 billetes de $100.00, y 3 billetes de $20.00. Por su parte, el Agte. Kevin E. Cardé Rosado, quien juramentó el inventario, hizo constar que, al diligenciar la Orden de Registro y Allanamiento, se ocupó, además, la siguiente propiedad: (1) Rifle tipo AK-47, (2) Pistola marca Glock modelo 22, (3) Pistola marca Glock modelo 23, (4) cajas de municiones, (5) múltiples cargadores, y (6) otros $2,420.00 en cash. Véase, Ap. a las págs. 20-28.

[3] Según alega, la Sra. De León Santiago no fue citada para la vista en alzada, por lo que se desestimó la misma. Véase, BY2021CR000627-4 al 6.

público. Así, señaló que el Estado no tenía que notificarle confiscación alguna, pues ese no fue el procedimiento que se ejecutó. En cuanto al segundo argumento, aseveró que, como el dinero fue entregado en una colecturía del Departamento de Hacienda, la Sra. De León Santiago debía agotar los remedios administrativos ante dicho organismo. Por consiguiente, apuntó que el Tribunal de Primera Instancia no poseía jurisdicción para atender el asunto. Finalmente, y en cuanto al tercer argumento se refiere, indicó que la parte apelada no justificó la concesión de un remedio, ya que no demostró, de manera fehaciente, que el Estado realizó una confiscación.

En respuesta, el 18 de enero de 2022, la Sra. De León Santiago presentó una "Oposición a Solicitud de Desestimación", y reiteró el incumplimiento con el proceso de confiscación tal y como lo requiere la ley. Recalcó la ausencia de notificación de la confiscación y del recibo sobre el dinero ocupado. Además, enfatizó el hecho de que el dinero fue ocupado de manera simultánea al arresto de la parte apelada. Finalmente, esgrimió que, el hecho de que el fiscal no haya ordenado la confiscación, ello no es un impedimento para impugnar el procedimiento.

Evaluadas ambas mociones, el 27 de enero de 2022,[4] el Tribunal de Primera Instancia emitió una "Resolución" mediante la cual declaró No Ha Lugar la "Solicitud de Desestimación" presentada por el Estado.

Insatisfecha, el 14 de febrero de 2022, la parte apelada presentó una "Moción de Reconsideración", y reafirmó los argumentos previamente esbozados. Por su parte, el 7 de marzo de 2022, la Sra. De León Santiago presentó su "Oposición a Moción de Reconsideración", y estribó que la solicitud presentada por el Estado no planteaba nuevos argumentos.

---

[4] Notificada el 28 de enero de 2022.

El 8 de marzo de 2022,[5] el foro *a quo* emitió una "Resolución" en la cual declaró "No Ha Lugar" la "Moción de Reconsideración" presentada por el Estado.

A su vez, el 10 de marzo de 2022, la Sra. De León Santiago presentó una "Moción de Sentencia Sumaria", y solicitó la devolución del dinero reclamado por la vía sumaria. Argumentó que la confiscación era nula, pues no existía controversia sobre el hecho de que no se le notificó la confiscación y, además, ésta salió absuelta del procedimiento penal iniciado en su contra. Sostuvo que, como el Estado incumplió con notificar la confiscación dentro del término jurisdiccional establecido en ley, dicha violación conllevaba la nulidad de la confiscación realizada.

Al día siguiente, el 11 de marzo de 2022, el Estado presentó su "Contestación a la Demanda", en la cual negó varias de las alegaciones contenidas en la reclamación. En igual fecha, presentó una "Moción Solicitando Prórroga" en la cual señaló que, de conformidad con las disposiciones de la Ley Uniforme de Confiscaciones de 2011, *infra*, debía celebrarse una Vista de Legitimación Activa para poder continuar con los procedimientos.

Esta última fue declarada Ha Lugar el 25 de marzo de 2022, por lo que, el 7 de julio de 2022,[6] se celebró una Vista de Legitimación Activa, en la cual el foro primario determinó que la Sra. De León Santiago tiene legitimación activa para continuar con su causa de acción. Así, le concedió 20 días al Estado para expresarse respecto a la "Moción de Sentencia Sumaria" presentada por la parte apelada.

No habiéndose expresado el Estado dentro del referido término, el 1 de septiembre de 2022,[7] Tribunal de Primera Instancia dictó "Sentencia" mediante la cual declaró Ha lugar la

---

[5] Notificada el 9 de marzo de 2022.
[6] Transcrita el 1 de agosto de 2022, y notificada el 9 de agosto del mismo año.
[7] Notificada en igual fecha.

"Moción de Sentencia Sumaria" presentada por la Sra. De León Santiago, y ordenó la devolución del dinero reclamado ($9,160.00), más intereses.

Insatisfecho, el 13 de septiembre de 2022, el Estado presentó una "Moción Solicitando Reconsideración de Sentencia y en Oposición a Moción de Sentencia Sumaria" en la cual reiteró sus argumentos en torno a la improcedencia de la confiscación, y enfatizó que, por existir controversias sobre hechos materiales, el mecanismo de sentencia sumaria resultaba improcedente en derecho.

Evaluada la misma, el 14 de septiembre de 2022,[8] el Tribunal de Primera Instancia emitió una "Resolución" declarando No Ha Lugar la solicitud de la parte apelante.

En desacuerdo, el Estado recurrió ante este foro apelativo intermedio y, mediante "Sentencia" emitida el 27 de enero de 2023,[9] revocamos el dictamen emitido por el foro recurrido. En aquél entonces, determinamos que la "Moción de Sentencia Sumaria" presentada por la Sra. De León Santiago no cumplió con la Regla 36.3(a) de Procedimiento Civil, *infra*, ya que no se incluyó copia de declaración jurada u otra prueba admisible en evidencia para sustentar los hechos incontrovertidos propuestos por la parte apelada. Sino que, esta última se limitó a esbozar meras alegaciones que no apoyó con referencias específicas a la prueba correspondiente. Por ende, concluimos que el foro primario no debió considerar dicho escrito, y tampoco el resultado de la acción criminal presentada contra la parte apelada, por ser inconsecuente en el pleito de epígrafe.

Devuelto el caso ante el foro de instancia, el 19 de diciembre de 2023, la Sra. De León Santiago presentó una "Segunda Moción

---

[8] Notificada en igual fecha.
[9] Notificada ese mismo día.

de Sentencia Sumaria", y destacó que, como el Estado nunca le notificó la confiscación, esta era nula. A tales efectos, acentuó que lo único que procede en derecho es la devolución del dinero ocupado.

En vista de lo anterior, el 24 de enero de 2024, el Estado presentó una "Moción en Cumplimiento de Orden y en Oposición a Solicitud de Sentencia Sumaria y en Solicitud de Desestimación" y, en lo relativo, manifestó que la Junta de Confiscaciones certificó que no recibió el dinero reclamado. Insiste en que el dinero no fue confiscado, sino que fue ocupado y, posteriormente, entregado en una colecturía del Departamento de Hacienda. Por esto, hace hincapié en que la Ley Uniforme de Confiscaciones de 2011, *infra*, no es el mecanismo procesal adecuado para reclamar el dinero ocupado por la Policía.

Atendidos los escritos presentados por ambas partes, el 1 de febrero de 2024,[10] el Tribunal de Primera Instancia dictó "Sentencia", y declaró Ha Lugar la "Segunda Moción de Sentencia Sumaria" presentada por la Sra. De León Santiago. Determinó como hechos incontrovertidos los siguientes:

> *1. El 26 de mayo de 2021 la Policía de Puerto Rico diligenció un allanamiento en la residencia ubicada en la Calle Caparra, en Cataño, Puerto Rico.*
>
> *2. Al momento de diligenciarse el allanamiento, la demandante Krystal De León Santiago se encontraba en la residencia.*
>
> *3. Durante el allanamiento de la residencia, oficiales de la Policía ocuparon, en lo pertinente, $9,160.00.*
>
> *4. El dinero ocupado pertenece a la demandante.*
>
> *5. El oficial a cargo del caso es Kevin E. Carde Rosado, placa 36304 y fue este quien ocupó el dinero en la inmediata presencia de la demandante.*
>
> *6. El E.L.A. no notificó a la demandante la confiscación del dinero ocupado.*

---

[10] Notificada el 2 de febrero de 2024.

Tras un análisis de los hechos que anteceden y del derecho aplicable, el foro *a quo* razonó que el dinero reclamado ($9,160.00) fue confiscado por la Policía de Puerto Rico. En ese contexto, concluyó que, como el Estado falló en notificar la confiscación, la "Demanda" de impugnación de confiscación presentada bajo las disposiciones de la Ley Uniforme de Confiscaciones de 2011, *infra*, constituye el mecanismo procesal adecuado para reclamar el dinero ocupado por la Policía.

Inconforme, el 20 de febrero de 2024, el Estado presentó una "Moción de Reconsideración de Sentencia" y, en resumidas cuentas, expuso que la parte apelada está impedida de valerse de los remedios que concede la Ley Uniforme de Confiscaciones de 2011, *infra*, por dos razones: (1) no existe una orden de confiscación efectuada por un fiscal, (2) el bien ocupado no está bajo la custodia de la Junta de Confiscaciones, y (3) existen mecanismos alternos en el Departamento de Hacienda para reclamar el dinero.

El próximo día, o sea, el 21 de febrero de 2024, la Sra. De León Santiago presentó su "Oposición a Moción de Reconsideración", y comentó que: (1) la petición de reconsideración presentada por el Estado no plantea nuevos argumentos, y (2) acorde lo resuelto en *Chaparro v. ELA*, KLAN201601338, la impugnación de confiscación es el único medio viable para solicitar el dinero ocupado.

Evaluados los argumentos de ambas partes, el 22 de febrero de 2024,[11] el foro recurrido emitió una "Orden", y declaró No Ha Lugar la "Moción de Reconsideración de Sentencia" presentada por el Estado.

En descontento, el Estado recurre ante esta segunda instancia judicial, y señala la comisión del siguiente error, a saber:

---

[11] Notificada en igual fecha.

*Erró el Tribunal de Primera Instancia al declarar sumariamente "Con Lugar" la Demanda incoada por Krystal De León Santiago al amparo de la Ley Uniforme de Confiscaciones de 2011 a pesar de que no se inició proceso confiscatorio alguno mediante la expedición de una orden de confiscación que activara sus disposiciones, y de que existe un proceso administrativo ante el Departamento de Hacienda para reclamar la devolución del dinero.*

## II.

### -A-

La sentencia sumaria es un mecanismo procesal provisto por nuestro ordenamiento con el fin de propiciar la solución justa, rápida y económica de pleitos que no contengan controversias genuinas de hechos materiales, y en los cuales resulta innecesaria la celebración de un juicio. *Rosado Reyes v. Global Healthcare,* 205 DPR 796, 808 (2020); *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 115 (2015); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013).

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V., R. 36, regula el mecanismo de sentencia sumaria. En lo pertinente, procede dictar sentencia sumaria si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada, si alguna, demuestran la inexistencia de controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho procede hacerlo. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e); *Rosado Reyes v. Global Healthcare, supra,* a las págs. 808 y 809.

El promovente de la sentencia sumaria deberá demostrar que no existe controversia real sustancial de ningún hecho material. Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a); *Rosado Reyes v. Global Healthcare, supra,* a la pág. 808. Un hecho material es definido como aquel que "puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo

aplicable". *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 129-130 (2012). Se podrá derrotar una moción de sentencia sumaria si existe una "duda que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes". *Íd.*, a la pág. 130; *Pepsi-Cola v. Mun. Cidra et al.*, 186 DPR 713, 756 (2012).

La Regla 36.3(a) de Procedimiento Civil, *supra*, dispone que la moción de sentencia sumaria deberá contener:

> *1. Una exposición breve de las alegaciones de las partes;*
> *2. los asuntos litigiosos o en controversia;*
> *3. la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*
> *4. una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;*
> *5. las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y*
> *6. el remedio que debe ser concedido.*

Por su parte, quien se opone a la sentencia sumaria deberá presentar su contestación dentro del término de 20 días desde que fue notificada. Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b). Si ésta no presenta su contestación dentro del referido término, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal. Regla 36.3(e) de Procedimiento Civil, *supra*. Además, deberá "contestar de forma tan detallada y específica como lo haya hecho la parte promovente". Regla 36.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c). De igual forma, deberá relacionar de forma concisa los párrafos, según enumerados por la parte promovente, que a su juicio están en controversia y deberá refutar los hechos materiales que están en controversia presentando evidencia sustancial. Regla 36.3(b)(2) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b)(2); SLG *Fernández-Bernal v. RAD-MAN et al.,* 2021 TSPR 149, 208 DPR ___

(2021), *Rosado Reyes v. Global Healthcare, supra*, a la pág. 808; *Pepsi-Cola v. Mun. Cidra et al., supra*, a la pág. 756.

Toda inferencia que se haga de los hechos incontrovertidos debe efectuarse de la forma más favorable a la parte que se opone a la sentencia sumaria. *Const. José Carro v. Mun. Dorado, supra*, a la pág. 130; *Pepsi-Cola v. Mun. Cidra et al., supra*, a la pág. 756. Nuestro Tribunal Supremo ha expresado que, "el hecho de que la otra parte no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica necesariamente que dicha moción procederá automáticamente si en verdad existe una controversia sustancial sobre hechos esenciales y materiales". SLG *Fernández-Bernal v. RAD-MAN et al., supra,* a la pág. 337. No se dictará sentencia sumaria cuando: (1) existen hechos materiales y esenciales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho no procede. *Pepsi-Cola v. Mun. Cidra et al., supra*, a la pág. 756. Tampoco procede dictar sentencia por la vía sumaria "en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad es esencial y está en disputa". *Ramos Pérez v. Univisión*, 178 DPR 200, 219 (2010).

Nuestro Máximo Foro ha reiterado que el Tribunal de Apelaciones se encuentra en igual posición que los tribunales de primera instancia al revisar solicitudes de sentencia sumaria. *Rosado Reyes v. Global Healthcare, supra*, a la pág. 809. Es por lo que, el Tribunal de Apelaciones "está regido por la Regla 36 de Procedimiento Civil, *supra*, y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario". *Meléndez*

*González et al. v. M. Cuebas, supra,* a la pág. 118. El Tribunal de Apelaciones no podrá considerar documentos que no fueron presentados ante el foro primario, ni adjudicar hechos materiales y esenciales en controversia. *Íd.,* a las págs. 114 y 115. Los criterios a seguir por este tribunal, al atender la revisión de una sentencia sumaria dictada por el foro primario, han sido enumerados con exactitud por nuestro Tribunal Supremo. *Roldán Flores v. M. Cuebas et al,* 199 DPR 664, 679 (2018). A tenor, el Tribunal de Apelaciones debe:

> *1) examinar de novo el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, supra, y la jurisprudencia le exigen al foro primario;*
>
> *2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, supra;*
>
> *3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y*
>
> *4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.*

**-B-**

En nuestro ordenamiento jurídico, el proceso de confiscación se rige por las disposiciones de la Ley Núm. 119-2011, 34 LPRA sec. 1724 *et seq.,* también conocida como la Ley Uniforme de Confiscaciones de 2011, según enmendada. El precitado estatuto establece un procedimiento uniforme para todos los casos de confiscación, y establece como política pública la agilidad del procedimiento de confiscación, siempre y cuando éstos garanticen los derechos y reclamos de las personas afectadas por ésta. Véase, Art. 2 de la Ley Núm. 119-2011, 34 LPRA sec. 1724 nota. Aunque el estatuto no define el concepto de confiscación, nuestro Máximo Foro lo ha definido de la siguiente manera:

> *La confiscación es el acto mediante el cual el Estado, representado en este caso por el Poder Ejecutivo, priva a una persona de su propiedad sin compensación económica, basado únicamente en que dicha propiedad fue utilizada en la comisión de ciertos delitos predeterminados por la Asamblea Legislativa o porque tal bien es producto o resultado de una conducta prohibida por ley. Mapfre Praico Ins. v. ELA*, 195 DPR 86, 91 (2016).

Existen dos tipos de confiscación: (1) confiscación *in personam* y (2) confiscación *in rem*. En nuestra jurisdicción, nuestra Asamblea Legislativa adoptó la confiscación *in rem*, por lo que el procedimiento posee carácter civil y "va dirigido contra la cosa misma y no contra el dueño de la propiedad, su poseedor, encargado o cualquier otra persona con algún interés legal sobre ésta". *López v. Secretaria*, 162 DPR 345, 352 (2004). Debido al carácter civil que permea el proceso, "la culpabilidad o inocencia del acusado no deberá tomarse en cuenta en el proceso de confiscación". Véase, Art. 8 de la Ley Núm. 119-2011, 34 LPRA sec. 1724e. En otras palabras, lo determinante en este proceso no es el resultado de la acción criminal que se ha presentado contra la persona que utilizó la cosa objeto de confiscación, sino si el bien en cuestión fue utilizado en la comisión de un delito. *Íd.* Siendo así, el Art. 9 de la Ley Núm. 119-2011, 34 LPRA sec. 1724f, provee que podrá confiscarse "toda propiedad que resulte, sea producto o se utilice, durante la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación".

En cuanto al procedimiento para ejecutar la confiscación, el Art. 10 de la Ley Núm. 119-2011, 34 LPRA sec. 1724g, dispone que, como norma general, la propiedad sujeta a confiscación será ocupada por agentes del orden público, mediante orden de un magistrado o Tribunal competente. No obstante, el propio artículo reconoce ciertos casos en los que se puede confiscar propiedad sin previa orden del Tribunal. *Íd.*

Por otro lado, la Orden Administrativa del Secretario de Justicia número 2015-11 (OA 2015-11), titulada "Normas s Seguir para emitir Orden de Confiscación" y adoptada en virtud del el Art. 9 de la Ley Núm. 119-2011, *supra*, dispone, en lo pertinente, que:

*Se dispone, por virtud del Artículo 9 de la Ley 119-2011, que el Secretario de Justicia, a través del Fiscal o Procurador de Menores, podrá ordenar la confiscación de toda propiedad que resulte, sea producto o se utilice, durante la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación. Por lo cual, conforme a las disposiciones de ley, así como a las facultades y deberes, en su discreción y en el ejercicio de sus funciones, el Fiscal o el Procurador de Menores:*

*1. Deberá ordenar la confiscación de todo bien, incluyendo cualquier vehículo de motor, inmediatamente luego que la Policía de Puerto Rico consulte el caso y el Fiscal o Procurador de Menores determine que procede la confiscación a la luz de la investigación realizada.*

*[...]*

*3. Se emitirá la orden de confiscación sin esperar la determinación del Honorable Tribunal de Primera Instancia en los procedimientos de Regla 6 o la Regla 6 en Alzada de las de Procedimiento Criminal e independientemente si el caso bajo el cual se puede ordenar la confiscación se mantiene o mantendrá bajo investigación. La Orden de Confiscación deberá ser enviada vía correo electrónico al Director(a) Ejecutivo(a) de la Junta de Confiscaciones tan pronto sea firmada. Esta gestión no releva a la Policía de Puerto Rico de tramitar la Orden de Confiscación original a la Junta de Confiscaciones.*

En términos similares, la Orden Administrativa del Secretario de Justicia número 96-11 (OA 96-11), titulada "Normas y Procedimientos para la Confiscación de propiedades", provee lo siguiente:

*A. La ocupación de la propiedad sujeta a confiscación se llevará a cabo por el funcionario a cargo de la implantación de la ley aplicable, por sí o por conducto de sus delegados, policías o agentes del orden público:*

*1) por orden de un tribunal competente o*
*2) sin previa orden del tribunal:*
*   a. cuando se lleve a cabo un arresto;*
*   b. en virtud de una sentencia judicial;*
*   c. por orden del funcionario a cargo de la implantación de la ley aplicable o de un fiscal, cuando la propiedad a ocuparse haya sido utilizada en relación a la comisión de delitos*

*graves y de aquellos delitos menos graves en que por ley se autorice la confiscación, cuando tales delitos graves y menos graves estén tipificados en el Código Penal, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones, así como en otras leyes.*

Tras ocuparse la propiedad a ser confiscada, "el funcionario bajo cuya autoridad se ocupó, en presencia de la persona a la cual se le ocupó el bien, de ésta estar disponible, preparará un inventario y le entregará copia a dicha persona". Art. 11 de la Ley Núm. 119-2011, 34 LPRA sec. 1724h. Asimismo, el funcionario que efectúa la ocupación deberá cumplir con el siguiente procedimiento:

*C. Procedimiento a seguir posterior a la ocupación*

*1. El funcionario o agente que ocupe la propiedad deberá comunicarse inmediatamente con el Fiscal de Distrito o fiscal de turno en la fiscalía correspondiente a la demarcación judicial donde se efectuó la ocupación y brindarle toda la información que se requiera para ordenar la confiscación conforme al derecho aplicable. Se entregará un informe al fiscal, conteniendo una relación detallada de todos los hechos y circunstancias que motivaron la ocupación, así como también los nombres y direcciones residenciales y postales actualizadas de todos los imputados y todos los testigos.*

*2. La Orden de Confiscación emitida por el fiscal deberá ser detallada en cuanto a los imputados, propiedades a confiscarse, fecha de los hechos y delitos cometidos.*

*D. Procedimiento a seguir en la entrega de propiedad*

*1. En los casos de dinero, valores o instrumentos negociables, deberán entregarse dichos bienes en la fiscalía correspondiente o en la Junta de Confiscaciones, no más tarde de veinticuatro (24) horas a partir de su ocupación. En cuanto a prendas, equipos u otros bienes muebles análogos, éstos deberán entregarse en la Junta de Confiscaciones no más tarde de veinticuatro (24) horas a partir de su ocupación.*

[…]

*3. La entrega de toda propiedad ocupada deberá venir acompañada de los documentos que se enumeran a continuación:*

*a. Orden de Confiscación (original).*

*[...]*

*f. Cuando se ocupe dinero, copia del recibo expedido por el Recaudador o Recaudadores Auxiliares del Departamento de Justicia, de las distintas fiscalías y de la División de Confiscaciones.*

*[...]*

*4. En aquellos casos en que el dinero sea depositado en una fiscalía o unidad investigativa será deber del Fiscal de Distrito enviar los documentos a la Junta de Confiscaciones no más tarde de cuarenta y ocho (48) horas a partir de la ocupación. No se aceptará expediente alguno en el cual no obren todos y cada uno de los documentos requeridos. Se podrán tomar las medidas disciplinarias que procedan, conforme a la reglamentación aplicable, por la omisión voluntaria de los trámites que aquí se establecen.*

Ordenada la confiscación, el funcionario que efectúa la ocupación deberá entregar al Director Administrativo lo siguiente: (1) el bien confiscado, (2) todo documento del cual surjan los hechos y circunstancias que motivaron la ocupación, (3) copia del inventario de la propiedad ocupada, y (4) los nombres de testigos y las disposiciones legales bajo las cuales ésta se realizó.  Véase, Art. 12 de la Ley Núm. 119-2011, 34 LPRA sec. 1724i.

Por su parte, el Director Administrativo obtendrá una tasación de la propiedad confiscada y, posteriormente, notificará la confiscación y la tasación a, entre otras personas, las siguientes: (1) a la persona que tuviere la posesión física del bien al momento de la ocupación; y (2) a las que considere como dueños de dicho bien.  Véase, Art. 13 de la Ley Núm. 119-2011, 34 LPRA sec. 1724j.  En cuanto al tiempo y manera de hacer la referida notificación, la ley dispone lo siguiente:

*Toda confiscación se notificará por correo certificado dentro de un término jurisdiccional de treinta (30) días, siguientes a la fecha de la ocupación física de los bienes. La notificación se hará a la dirección conocida del alegado dueño, encargado o persona con derecho o interés en la propiedad, según consta del expediente de la confiscación. Íd.*

No obstante, y a modo de excepción, se dispone que:

*En aquellos casos en los que se incaute y retenga cualquier propiedad para alguna investigación relacionada con cualquier acción penal, civil, administrativa o cuando el bien es indispensable para la investigación o como evidencia en el caso, el término para culminar la investigación y emitir la orden de confiscación no excederá de noventa (90) días. Los treinta (30) días para notificar la confiscación comenzarán a contarse una vez concluya dicha acción y se expida la correspondiente orden de confiscación. Íd.*

Una vez la persona sea notificada de la confiscación, y ésta demuestre ser dueña de la propiedad ocupada, podrá impugnar la confiscación dentro de los 30 días siguientes a la fecha en que reciba la notificación. Véase, Art. 15 de la Ley Núm. 119-2011, 34 LPRA sec. 1724l. Ahora bien, en aquellos casos que la notificación sea devuelta, el término de 30 días para impugnar la confiscación comenzará a computarse desde que la referida notificación sea recibida por el Departamento de Justicia. *Íd.* Estos términos son jurisdiccionales. *Íd.*

La propia ley reconoce que estas reclamaciones deberán atenderse de forma expedita, y reconoce que, por presumirse la legalidad y corrección de la confiscación, el demandante es quien posee el peso de la prueba para derrotar tal presunción. *Íd.* Además, el Tribunal deberá ordenar una vista sobre legitimación activa, con el objetivo de establecer si el demandante posee un interés propietario en la propiedad incautada. *Íd.* Si se decreta la ilegalidad de la confiscación, la Junta devolverá la propiedad ocupada al demandante. Véase, Art. 19 de la Ley Núm. 119-2011, 34 LPRA sec. 1724p. La propia ley dispone un procedimiento administrativo para la devolución de los bienes confiscados. Véase, Art. 21 de la Ley Núm. 119-2011, 34 LPRA sec. 1724r.

**III.**

Según revela el tracto procesal, la "Sentencia" cuya revocación se solicita fue dictada al amparo de la Regla 36 de

Procedimiento Civil, *supra*. Por tanto, y de conformidad con lo resuelto por nuestro Tribunal Supremo en el caso de *Roldán Flores v. M. Cuebas et al, supra*, pág. 679, nos compete determinar, de manera inicial, si las partes cumplieron con los requisitos necesarios que dimanan de la regla procesal antes mencionada, de modo que podamos entonces considerar las mociones presentadas. Al examinar la "Segunda Moción de Sentencia Sumaria" presentada por la Sra. De León Santiago ante el foro primario, juzgamos que, esta cumplió con los requisitos recabados por la Regla 36.3(a) de Procedimiento Civil, *supra*. En su moción incluyó: (1) copia de la declaración jurada suscrita por el Agte. Kevin Cardé Rosado #36304, oficial que ocupó el dinero; y (2) copia del inventario de la propiedad ocupada. Por su parte, la "Moción en Cumplimiento de Orden y en Oposición a Solicitud de Sentencia Sumaria y en Solicitud de Desestimación" presentada por el Estado también se atuvo a los requisitos recogidos en la Regla 36.3 (b) de las de Procedimiento Civil, *supra;* cuestionando los hechos incontrovertidos propuestos por la parte apelada mediante la inclusión de: (1) copia de la "Solicitud de Certificación de Disponibilidad de Propiedad" emitida por la Junta de Confiscaciones, y (2) copia del recibo de pago en el Departamento de Hacienda. Lo anterior nos habilita para atender propiamente los errores señalados en el recurso de apelación.

Como ya mencionamos, el foro primario determinó que los siguientes hechos no están en controversia:

> *1. El 26 de mayo de 2021 la Policía de Puerto Rico diligenció un allanamiento en la residencia ubicada en la Calle Caparra, en Cataño, Puerto Rico.*
>
> *2. Al momento de diligenciarse el allanamiento, la demandante Krystal De León Santiago se encontraba en la residencia.*
>
> *3. Durante el allanamiento de la residencia, oficiales de la Policía ocuparon, en lo pertinente, $9,160.00.*

*4. El dinero ocupado pertenece a la demandante.*

*5. El oficial a cargo del caso es Kevin E. Carde Rosado, placa 36304 y fue este quien ocupó el dinero en la inmediata presencia de la demandante.*

*6. El E.L.A. no notificó a la demandante la confiscación del dinero ocupado.*

Tras un análisis del legajo apelativo, coincidimos con el foro recurrido en que, en efecto, estos hechos están incontrovertidos. Por tanto, nos corresponde determinar si el Tribunal de Primera Instancia aplicó correctamente el derecho a la controversia. Siendo nuestra revisión una *de novo*, procedemos a resolver.

De la "Sentencia" recurrida surge que el foro *a quo* concluyó que el dinero reclamado ($9,160.00) fue confiscado por la Policía. En atención a lo cual, determinó que las disposiciones de la Ley Uniforme de Confiscaciones de 2011, *infra*, son de aplicación al caso y, como el Estado no notificó la confiscación del dinero ocupado, razonó que esta era nula. En vista de ello, dispuso que la "Demanda" de impugnación de confiscación es el mecanismo procesal adecuado que posee la parte apelada para incoar su reclamo.

En su escrito, el Estado arguye, en síntesis, que incidió el Foro de Instancia al conceder un remedio al amparo de la Ley Uniforme de Confiscaciones de 2011, *supra*, "sin que el Estado iniciase un proceso confiscatorio del [dinero ocupado]".[12] Argumenta que, para que apliquen las disposiciones de la Ley Uniforme de Confiscaciones de 2011, *supra*, el fiscal debe expedir la correspondiente orden de confiscación. Su contención es que, "[c]omo en el caso que nos ocupa no se expidió la mencionada orden de confiscación[,]… la Junta de Confiscaciones no pudo ni puede notificar un evento que nunca ocurrió".[13] A su vez, indica que la parte apelada "no se queda sin un remedio en ley, sino que

---

[12] Véase, recurso pág. 16.
[13] Véase, recurso pág. 17.

cuenta con un procedimiento administrativo ante el Departamento de Hacienda para recuperar el dinero",[14] por lo que la devolución del dinero "depende exclusivamente del agotamiento del trámite disponible ante el Departamento de Hacienda, sobre el cual el foro judicial no tiene jurisdicción".[15]  Le asiste la razón.

Como ya explicamos, la ocupación de la propiedad sujeta a confiscación se llevará a cabo por la Policía de Puerto Rico.  Véase, OA 96-11 (III) (A). En el caso de marras, agentes de la Policía ocuparon cierta propiedad producto del diligenciamiento de una orden de registro y allanamiento, cuya validez no está en disputa y la cual fue expedida por el tribunal.

Una vez ocupada dicha propiedad el agente que efectúa la ocupación debe hacer dos cosas, a saber: (1) entregar al dueño o persona con interés un inventario de la propiedad ocupada, y (2) comunicarse inmediatamente con el fiscal y brindarle toda la información que se requiera para ordenar la confiscación. Véase, OA 96-11 (III) (B) y (C)(1).

En cuanto al primer punto – hacer y entregar un inventario – y en virtud del Art. 11 de la Ley Núm. 119-2011, *supra*, el agente que efectuó la ocupación, en este caso, el Agte. Kevin E. Cardé Rosado, preparó un inventario del cual surge que se ocupó la siguiente propiedad: (1) $9,160.00, consistente en 91 billetes de $100.00, y 3 billetes de $20.00, (2) Rifle tipo AK-47, (3) Pistola marca Glock modelo 22, (4) Pistola marca Glock modelo 23, (5) cajas de municiones, (6) múltiples cargadores, y (7) otros $2,420.00 en cash.[16]

Por su parte, y en cuanto al segundo punto – comunicarse con el fiscal para que este ordene la confiscación – **el fiscal podrá**, **dentro de su discreción y en el ejercicio de sus funciones**,

---

[14] *Íd.*
[15] *Íd.*
[16] Véase, Ap. a las págs. 117-118, 121-122, y 129.

**ordenar o no la confiscación de la propiedad ocupada**. Véase, OA 2015-11 (III). **Esto**, **inmediatamente después de que la Policía consulte el caso y el fiscal determine que**, **como cuestión de derecho**, **procede la confiscación**. *Íd.* **Si a la luz de la investigación realizada el fiscal concluye que procede confiscar la cosa ocupada**, **entonces deberá ordenar su confiscación y emitirá la correspondiente orden de confiscación**, **independientemente si el caso se mantiene o no bajo investigación**.

**El Estado presentó evidencia documental que demuestra que**, **en este caso**, **no existe una orden de confiscación expedida por un fiscal del Departamento de Justicia**. A esos efectos, incluyó una certificación por parte de la directora de la Junta de Confiscaciones, quien certificó que el dinero reclamado ($9,160.00) no había sido recibido en dicha entidad, y que tampoco existe expediente de confiscación al respecto.[17] Además, presentó copia del recibo que le fue entregado a la parte apelada, cuyo contenido demuestra que el dinero reclamado ($9,160.00) fue depositado en una colecturía del Departamento de Hacienda.[18]

Por tanto, aun cuando el foro primario determinó que "[e]l E.L.A. no notificó a la demandante la confiscación del dinero ocupado", lo cierto es que, **la Junta de Confiscaciones no podía notificar una confiscación que no existe**. **Como no se ordenó la confiscación del dinero ocupado ($9,160.00)**, **esta nunca se materializó**. **Esto implica que**, **como el dinero ocupado no está bajo la jurisdicción de la Junta de Confiscaciones**, **la "Demanda" de impugnación de confiscación no constituye el mecanismo procesal adecuado para reclamar el dinero ocupado por la Policía**.

---

[17] Véase, apéndice pág. 171.
[18] Véase, apéndice pág. 172.

En apoyo a sus contenciones, la Sra. De León Santiago cita con aprobación el caso de *Chaparro v. ELA*, KLAN201601338, para sustentar su postura de que, en el caso de autos, debe seguirse el procedimiento establecido en la Ley Uniforme de Confiscaciones de 2011, *supra*. En dicho caso, un panel hermano determinó que, bajo las circunstancias particulares, la acción de partición de herencia no era el mecanismo idóneo para solicitar la devolución del dinero ocupado por el Estado, sino que lo que correspondía era "presentar una demanda de impugnación de confiscación".[19] No obstante, **el caso de *Chaparro v. ELA*, *supra*, por tratarse de una sentencia del Tribunal de Apelaciones**, **solo tiene carácter persuasivo**, **es decir**, **no es vinculante**. Véase, Regla 11 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 11. **Asimismo**, **el caso de *Chaparro v. ELA*, *supra*, es distinguible del caso de autos**, **pues**, **según surge de los hechos de ese caso**, **el dinero ocupado estaba "bajo la custodia del Departamento de Justicia"**,[20] **precisamente porque en ese caso se emitió la correspondiente orden de notificación**;[21] **cosa que no ocurrió en el presente caso**.

En fin, concluimos que el error señalado por el Estado fue cometido, toda vez que la suma de $9,160.00 no fue confiscada ni está bajo la jurisdicción de la Junta de Confiscaciones. Para recuperar el dinero ocupado, la Sra. De León Santiago cuenta con otros mecanismos ante el Departamento de Hacienda.[22]

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de este dictamen, revocamos la "Sentencia" apelada, emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

---

[19] *Íd.* a la pág. 6.
[20] *Íd.* a la pág. 1. (Énfasis provisto).
[21] Véase, apéndice pág. 109.
[22] Véase, apéndice pág. 35.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones