Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| AAA CAR RENTAL, INC. h/n/c NEXT CAR ALL VEHICLES RENTAL<br>Apelados<br><br><br>v.<br><br><br>GOBIERNO DE PUERTO RICO representado por HON. SECRETARIO DE JUSTICIA DOMINGO MANUELLI HERNÁNDEZ, DEPARTAMENTO DE JUSTICIA DE PUERTO RICO representado por el HON. SECRETARIO DE JUSTICIA DOMINGO EMANUELLI HERNÁNDEZ; LA POLICIA DE PUERTO RICO representada por HON. ANTONIO LÓPEZ FIGUEROA<br>Apelantes | KLAN202500299 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm. CA2023CV01759<br><br><br>Sobre: Impugnación de Confiscación |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 31 de julio de 2025.

Comparece el Gobierno de Puerto Rico (el Gobierno o apelante) mediante recurso de *apelación,* solicitando la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI), el 11 de diciembre de 2024. Mediante esta, dicho foro primario declaró *Ha Lugar* una *Solicitud de Sentencia Sumaria* presentada por AAA Car Rental, Inc. h/n/c Next Car All Vehicles Rental (AAA, Next Car o apelada), en la que se impugnaba la confiscación del vehículo **Hyundai Palaside SE, año 2023, con tablilla JZH-862**, del cual dicha compañía es dueño.

Contrario a lo resuelto por el TPI, el Gobierno juzga que prevalecen hechos materiales en controversia, y esto impedía que se dictara sentencia de manera sumaria. Tiene razón, *Revocamos.*

NÚMERO IDENTIFICADOR

SEN2025_____

## I. Resumen del tracto procesal

El 6 de febrero de 2023, la Policía de Puerto Rico ocupó, y posteriormente confiscó, el vehículo de motor marca **Hyundai, modelo Palisade SE, del año 2023, tablilla JZH-862 y con número de identificación (VIN) KM8R14GE9PU500881** (*Hyundai*), amparándose en Ley 119-2011, Ley Uniforme de Confiscaciones, infra. Con mayor especificidad, se indicó que dicho *Hyundai* fue utilizado en violación a los artículos 6.08, 6.09 y 6.22 de la Ley de Armas de Puerto Rico, Ley 168-2019, 25 LPRA sec. 461, *et seq.*

La referida confiscación fue notificada a AAA, por ser el titular registral del vehículo al momento de su ocupación.

En respuesta, el 31 de mayo de 2023, AAA presentó una *Demanda* con el fin de impugnar la confiscación del vehículo **Hyundai**, aduciendo que este formaba parte de su negocio de alquiler, siendo sus dueños o propietarios. De conformidad, aseveró haber arrendado *el vehículo* al señor José F. De Jesús (señor De Jesús), el 5 de febrero de 2023, mediante el contrato número 96567, incluyéndose en este como conductor adicional al señor Tyrone J. Beltrán Lugo (señor Beltrán Lugo). Afirmó que el referido contrato, que comprendía un arrendamiento a corto plazo, contenía las directrices, términos y condiciones para el uso permitido, por lo que el vehículo no estaba sujeto a confiscación al amparo de la Ley Núm. 119-2011, procediendo su devolución. La *Demanda* fue acompañada de varios anejos, como prueba de lo alegado.

A raíz de ello, el Gobierno presentó *Contestación a Demanda.* Luego de negar y admitir algunas de las alegaciones allí incluidas, -entre las cuales destaca admitir que el vehículo se encontraba registrado en el Departamento de Transportación y Obras Públicas (DTOP), a nombre de AAA-, además, levantó unas defensas afirmativas. Entre las tales incluyó que, al amparo de la legislación vigente, existe una presunción sobre la legalidad y corrección de la confiscación, independientemente de cualquier otro caso penal, administrativo, o procedimiento relacionado a los mismos hechos. Señaló

que la apelada no tenía legitimación activa sobre el vehículo confiscado, por lo que carecía de una causa de acción. Por último, alegó que la apelada tampoco cumplía con los requisitos para invocar la defensa de tercero inocente.

Así las cosas, el tribunal *a quo* dio paso a la celebración de la vista de legitimación activa que ordena el artículo 15 de la Ley Núm. 119-2011, infra. Como resultado, admitió un *Certificado de Título* presentado AAA para demostrar su titularidad registral sobre el vehículo confiscado[1]. Admitida tal documentación, el foro primario emitió una *Resolución* en la que determinó que AAA contaba con legitimación activa para incoar la *Demanda*.

Entonces, superados varios trámites procesales, AAA presentó la *Moción de Sentencia Sumaria* a la que aludimos en la introducción. En dicho escrito AAA identificó la controversia a ser dilucidada de la siguiente manera; "si el vehículo **Hyundai, modelo Palisade SE, con tablilla JZH-862 del año 2023** fue confiscado y retenido contrario a lo establecido por la Ley Núm. 119-2011, conocida como la Ley Uniforme de Confiscaciones de 2011 (Ley Núm. 119) 34 LPRA sec. 1724, en su artículo 25 por este ser un vehículo alquilado"[2]. (Énfasis provisto). A renglón seguido enumeró siete *hechos*, que calificó como incontrovertidos, presentando la documentación que, a su juicio, los sostenían. En lo que concierne, afirmó que el Hyundai es propiedad de AAA, y es utilizado como parte del negocio de alquiler de autos. Luego aseveró que arrendó el vehículo al señor José F. De Jesús, el 5 de febrero de 2023, bajo contrato número 95567, donde figuraba como conductor adicional el Sr. Tyrone J. Beltrán Lugo. Incluyó como próximo *hecho incontrovertido[3]* la conclusión de que el contrato aludido *contenía toda la información requerida para el alquiler de vehículos a corto plazo y establece las directrices, términos y condiciones para el uso del vehículo*, y *las*

---

[1] Ver apéndice del recurso de apelación, pág. 58.
[2] Apéndice del recurso de apelación, pág. 48.
[3] Como explicaremos más adelante, esto no es propiamente un hecho incontrovertido, sino una interpretación de derecho propuesta.

*prohibiciones para su utilización estaban claramente detalladas en el inciso número 5.* Finalizó en su propuesta de hechos con la aserción de que AAA utiliza como localidad a Nextcar Rental, y esta última no es una corporación registrada en el Registro de Corporaciones del Departamento de Estado de Puerto Rico.

A partir de lo anterior, AAA arguyó que los hechos incontrovertidos enumerados demostraban que cumplía con los requisitos del *tercero inocente,* lo que justificaba que se emitiera sentencia sumaria declarando Ha Lugar la *Demanda.*

En desacuerdo, en Gobierno instó *Oposición a Moción de Sentencia Sumaria,* afirmando que existían controversias de hechos, y que la parte promovente de la moción dispositiva había incluido documentación no admisible en el juicio. En lo específico, luego de identificar tres documentos presentados por AAA de los cuales coincidió que no existía controversia, (Carta del Departamento de Justicia, Certificado de título del DTOP, Certificado de registro de comerciante), pasó a enumerar una serie de hechos que tildó como en controversia, según los exponemos a continuación:

1. Que NextCar Rental sea una corporación registrada en el Registro de Corporaciones del Departamento de Estado de Puerto Rico. Sobre esto se llamó la atención a que, aunque en la *Moción de Sentencia Sumaria* se hizo referencia a un anejo identificado como "Anejo 5 Búsqueda negativa Registro de Corporaciones del Departamento de Estado de Puerto Rico", **este documento no fue incluido con la referida moción**.

2. Respecto al anejo identificado en la *Moción de sentencia sumaria* como "Anejo 3 Contrato 96567", argumentó que se trataba de prueba de referencia inadmisible. Además, aseveró que con dicho documento persistía en controversia los siguientes hechos, pues no resultaba suficiente para establecerlos como incontrovertidos:

    *a.* Que el vehículo fuera utilizado como parte del negocio de alquiler de autos de la parte demandante*;*

    *b.* Que la parte demandante hubiese arrendado el vehículo al Sr. José F. de Jesús el 5 de febrero de 2023 bajo el alegado contrato 96567*;*

    c. Que el Sr. Tyrone J. Beltrán Lugo figurara en dicho contrato como conductor adicional del vehículo;

d. Que el contrato estableciera toda la información requerida por ley para el alquiler de vehículos a corto plazo;

e. Que el contrato estableciera las directrices, términos y condiciones para el uso del vehículo;

f. Que el contrato incluyera las prohibiciones para la utilización del vehículo.

g. Que el contrato proveyera medidas cautelares expresas para precaver el uso ilegal del vehículo.

h. Que la parte demandante sea tercero inocente.

i. El contenido de los aparentes recibos del sistema ath, licencias de conducir y tarjetas de crédito; y la relación de tal contenido -si alguna-, con el alquiler del vehículo.

En definitiva, el Gobierno sostuvo que, ante la existencia de hechos materiales en controversia, el foro primario no estaba en posición de disponer de la *Demanda* de manera sumaria.

Sopesadas las mociones presentadas por las partes, y la prueba documental incluida, el TPI emitió la *Sentencia* cuya revocación nos solicita aquí el Gobierno, acogiendo la solicitud de sentencia sumaria instada por la AAA. Al así decidir, dicho foro determinó que no existían hechos en controversia que impidieran disponer del caso mediante sentencia sumaria, consignando los siguientes como tales:

1. Mediante carta fechada el 2 de mayo de 2023 y recibida el 30 de mayo de 2023, la parte demandante fue notificada de la confiscación del vehículo Hyundai, modelo Palisade SE, con tablilla JZH-862 del año 2023.

2. El vehículo antes descrito pertenece y es propiedad de AAA CAR RENTAL, INC. H/N/C NEXT CAR ALL VEHICLES RENTAL y es utilizado como parte del negocio de alquiler de autos de la parte demandante.

3. AAA CAR RENTAL, INC. cuenta con legitimación activa para incoar la demanda.

4. ***La parte demandante arrendó el vehículo al Sr. José F. De Jesús el 5 de febrero de 2023 bajo el contrato número 96567.*** En el contrato antes descrito figura como conductor adicional el Sr. Tyrone J. Beltrán Lugo. (Énfasis provisto).

5. El contrato antes descrito establece toda la información requerida por ley para el alquiler de vehículos a corto plazo y establece las directrices, términos y condiciones para el uso del vehículo. Las prohibiciones para la utilización del vehículo están claramente detalladas en el inciso número 5 del Rental Agreement Terms and Conditions.

6. AAA CAR RENTAL INC. utiliza como localidad NEXT CAR RENTAL (nombre comercial) para hacer negocios como.

Especificó en su dictamen que surgía del expediente el contrato de arrendamiento de vehículo a corto plazo suscrito por la apelada, por lo que que correspondía la devolución del vehículo confiscado: **Hyundai, modelo Palisade SE, con tablilla JZH-862 del año 2023**. (Énfasis provisto). Finalizó afirmando que, al amparo del Artículo 25 de la Ley Núm. 119-2011, resultaba aplicable a este caso la doctrina de tercero inocente, pues el apelado había tomado las medidas razonables para que el vehículo fuera utilizado para fines autorizados.

Inconforme, el Gobierno peticionó reconsideración, aduciendo, entre otras, que **el único contrato que aparece firmado es referente al vehículo Kia, modelo Seltos, del año 2021, tablilla JKK-622 y número de identificación (VIN) KNDEP2AA8M7137981**. En oposición, **el contrato que describe el vehículo objeto de la confiscación (Hyundai) carece de firma e iniciales**. (Énfasis provisto).

A lo anterior la apelada ripostó, mediante *Oposición a Moción de Reconsideración,* que los hechos señalados como controvertidos fueron objeto de discusión en las vistas celebradas por el TPI, habiendo admitido el Gobierno que la única controversia era si Nextcar y AAA eran la misma compañía.

El TPI declaró *No Ha Lugar* la solicitud de *Reconsideración.*

Es así como el Gobierno acude ante este Tribunal de Apelaciones, mediante recurso de apelación, imputándole al foro apelado haber incurrido en los siguientes errores:

Erró el Tribunal de Primera Instancia al declarar "Ha lugar" la *Solicitud de Sentencia Sumaria* presentada por AAA Car Rental,

Inc., aun cuando existe controversia de hechos materiales y pertinentes.

Erró el Tribunal de Primera Instancia al resolver que la parte apelada es un tercero inocente.

A su vez, AAA compareció ante nosotros de manera oportuna, mediante *Alegato en Oposición a Recurso de Apelación*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II. Exposición de Derecho

### A. Sentencia Sumaria

El propósito de las Reglas de Procedimiento Civil es proveer a las partes que acuden a un tribunal una "solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R.1; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Roldán Flores v. M. Cuebas,* 199 DPR 664, 676 (2018); *Rodríguez Méndez v. Laser Eye,* 195 DPR 769, 785 (2016), *Oriental Bank v. Perapi*, 192 DPR 7, 25 (2014). La sentencia sumaria hace viable este objetivo al ser un mecanismo procesal que le permite al tribunal dictar sentencia sobre la totalidad de una reclamación, o cualquier controversia comprendida en ésta, sin la necesidad de celebrar una vista evidenciaria. J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1era ed., Colombia, 2012, pág. 218. Procede dictar sentencia sumaria si "las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia si las hubiere, acreditan la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y pertinente y, además, si el derecho aplicable así lo justifica". *González Santiago v. Baxter Healthcare,* supra, pág. 291*; Roldán Flores v. M. Cuebas,* supra; *Lugo Montalvo v. Sol Meliá Vacation,* 194 DPR 209, 225 (2015), *SLG Zapata-Rivera v. J. F. Montalvo*, 189 DPR 414, 430 (2013).

Por el contrario, no es "aconsejable utilizar la moción de sentencia sumaria en casos en donde existe controversia sobre elementos subjetivos,

de intención, propósitos mentales o negligencia, o cuando el factor credibilidad es esencial y está en disputa". *Ramos Pérez v. Univisión*, 178 DPR 200, 219 (2010).[4] Este mecanismo está disponible para la disposición de reclamaciones que contengan elementos subjetivos únicamente cuando no existan controversias de hechos esenciales y pertinentes. *Rodríguez García v. Universidad Albizu*, 200 DPR 929, 940 (2018), *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656, 661 (2017).

El principio rector que debe guiar al juez de instancia en la determinación sobre si procede o no la sentencia sumaria es "el sabio discernimiento", ya que si se utiliza de manera inadecuada puede prestarse para privar a un litigante de su día en corte, lo que sería una violación a su debido proceso de ley. *Mun. de Añasco v. ASES et al.*, 188 DPR 307, 327-328 (2013). Ello, pues la mera existencia de "una controversia de hecho es suficiente para derrotar una moción de sentencia sumaria solo cuando causa en el tribunal una duda real y sustancial sobre algún hecho relevante y pertinente". *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 756 (2012). Se considera un hecho esencial y pertinente, aquél que puede afectar el resultado de la reclamación acorde al derecho sustantivo aplicable. *Ramos Pérez v. Univisión*, supra, pág. 213.

Para establecer un hecho en controversia, **resulta importante diferenciar una determinación de hecho de una conclusión de derecho**. El Tribunal Supremo de Puerto Rico expresó que **se considera una conclusión de derecho cualquier deducción o inferencia de un hecho probado que representa la aplicación de un principio de ley, razonamiento lógico o una opinión jurídica de un hecho probado, deducido o inferido del hecho**. (Énfasis provisto). *Lugo Montlalvo v. Sol Melia Vacation*, 194 DPR 209, 226 (2015). En síntesis, las determinaciones de hechos establecen qué ocurrió, mientras que las conclusiones de derecho disponen del significado jurídico de tal acto. *Íd.*

---

[4] Citando a *Soto v. Hotel Caribe Hilton*, 137 DPR 294 (1994).

Por otra parte, es esencial reconocer que la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36, establece de manera específica los requisitos de forma que debe cumplir la parte que promueve la moción de sentencia sumaria, así como la parte que se opone a ella. En lo pertinente, la parte promovente debe exponer un listado de hechos no controvertidos, desglosándolos en párrafos debidamente numerados y, para cada uno de ellos, especificar la página o el párrafo de la declaración jurada u otra prueba admisible que lo apoya. A su vez, la parte que se opone a la moción de sentencia sumaria está obligada a citar específicamente los párrafos según enumerados por el promovente que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. *Meléndez González, et al. v. M. Cuebas*, 193 DPR 100, 111 (2015)*, SLG Zapata Rivera, v. J.F. Montalvo*, supra, pág. 432. Como regla general, "para derrotar [o sostener] una solicitud de sentencia sumaria que la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente". *Ramos Pérez v. Univisión P.R., Inc.*, supra, pág. 215.

Nuestro más alto foro ha manifestado que "a menos que las alegaciones contenidas en la moción de sentencia sumaria queden debidamente controvertidas, éstas podrían ser admitidas y, de proceder en derecho su reclamo, podría dictarse sentencia sumaria a favor de quien la promueve". *Meléndez González, et al. v. M. Cuebas*, supra*, pág. 137. De entender que no procede dictar una sentencia sumaria porque aun existen hechos en controversia, el TPI deberá consignar los hechos esenciales y pertinentes sobre los cuales no hay controversia y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos. 32 LPRA Ap. V, R. 36.4. El Tribunal de Apelaciones se encuentra en la misma posición que el TPI al momento de revisar Mociones de Sentencia Sumaria, por lo que

nos rige la Regla 36 de Procedimiento Civil. *Meléndez González v. M. Cuebas,* 193 DPR 100, 119 (2015).

### B. Función revisora del foro apelativo con respecto a la sentencia sumaria dictada por el foro primario

En el caso de revisar sentencias del Tribunal de Primera Instancia dictadas mediante el mecanismo de sentencias sumarias o resolución que deniega su aplicación, nuestro Tribunal de Apelaciones se encuentra en la misma posición que el tribunal inferior para evaluar su procedencia. *Meléndez González et al. v. M. Cuebas*, supra, pág. 115. Los criterios a seguir por este foro intermedio al atender la revisión de una sentencia sumaria dictada por el foro primario han sido enumerados con exactitud por nuestro Tribunal Supremo. *Roldán Flores v. Cuebas*, supra; *Meléndez González et al. v. M. Cuebas*, supra. A tenor, el Tribunal de Apelaciones debe:

1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra;*

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos;

4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.

Además, al revisar la determinación del TPI respecto a una sentencia sumaria, estamos limitados de dos maneras; (1) solo podemos considerar los documentos que se presentaron ante el foro de primera instancia, (2) solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. *Meléndez González, et al. v. M. Cuebas*, supra, pág. 114.

### C. Ley Uniforme de Confiscaciones

En nuestro ordenamiento jurídico, el proceso de confiscación se rige por las disposiciones de la Ley Núm. 119-2011, 34 LPRA sec. 1724 *et seq.*,

también conocida como la *Ley Uniforme de Confiscaciones de 2011*, según enmendada (en adelante, Ley Núm. 119-2011). El precitado estatuto establece un procedimiento uniforme para todos los casos de confiscación, y establece como política pública la agilidad del procedimiento de confiscación, siempre y cuando éstos garanticen los derechos y reclamos de las personas afectadas por ésta. Véase, Art. 2 de la Ley Núm. 119-2011, 34 LPRA sec. 1724. Aunque el estatuto no define el concepto de confiscación, nuestro Máximo Foro lo ha definido de la siguiente manera:

> *La confiscación es el acto mediante el cual el Estado, representado en este caso por el Poder Ejecutivo, priva a una persona de su propiedad sin compensación económica, basado únicamente en que dicha propiedad fue utilizada en la comisión de ciertos delitos predeterminados por la Asamblea Legislativa o porque tal bien es producto o resultado de una conducta prohibida por ley. Mapfre Praico Ins. v. ELA*, 195 DPR 86, 91 (2016).

Existen dos tipos de confiscación: (1) confiscación *in personam* y (2) confiscación *in rem*. En nuestra jurisdicción, la Asamblea Legislativa adoptó la confiscación *in rem*, por lo que el procedimiento posee carácter civil y "va dirigido contra la cosa misma y no contra el dueño de la propiedad, su poseedor, encargado o cualquier otra persona con algún interés legal sobre ésta". *López v. Secretaria*, 162 DPR 345, 352 (2004). Por ello, si el dueño, poseedor o encargado del vehículo, o la persona con interés legal sobre éste ha puesto, de forma voluntaria, dicho vehículo en posesión del infractor o de la persona bajo la cual éste actúa, los derechos de aquellos corren la suerte del uso a que el infractor pueda someter el vehículo. *General Accident Insc. Co. v. E.L.A.*, 137 DPR 466, 472 (1994).

Debido al carácter civil que permea el proceso, "la culpabilidad o inocencia del acusado no deberá tomarse en cuenta en el proceso de confiscación". Véase, Art. 8 de la Ley Núm. 119-2011, 34 LPRA sec. 1724e. En otras palabras, lo determinante en este proceso no es el resultado de la acción criminal que se ha presentado contra la persona que utilizó la cosa

objeto de confiscación, sino si el bien en cuestión fue utilizado en la comisión de un delito. *Íd.* Siendo así, el Art. 9 de la Ley Núm. 119-2011, 34 LPRA sec. 1724f, provee que podrá confiscarse "toda propiedad que resulte, sea producto o se utilice, durante la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación".

Sin embargo, la jurisprudencia ha desarrollado normas para proteger los derechos de aquellos que tienen un interés económico o propietario en el vehículo confiscado y no han estado directamente involucrados en la actividad criminal que motiva la confiscación. A éstos se les conoce como *terceros inocentes.* Tanto el dueño, como una entidad financiera y su aseguradora, podrían ser considerados terceros inocentes en aquellas situaciones en que estos no pusieron el vehículo en posesión del infractor voluntariamente, **o cuando han tomado <u>medidas cautelares expresas</u> para evitar el uso ilegal de la propiedad en la comisión de un delito**. (Énfasis y subrayado provistos). *First Bank, Univ. Ins. Co. v. E.L.A.,* 156 DRR 77, 83-84 (2002); *General Accident Ins. Co. v. E.L.A.,* 137 DPR 466, 472-473 (1994). La defensa de tercero inocente depende de la naturaleza de la posesión o uso del vehículo por el infractor. Si éste no obtuvo la posesión de manera voluntaria **o si se apartó sustancialmente de las medidas cautelares o las instrucciones particulares expresadas de quien entregó dicha posesión o uso**, entonces es que tanto el dueño como el vendedor condicional o cualquier otro con interés en este son terceros inocentes protegidos contra la confiscación. *Íd.* También se reconoció que, cuando los dueños de automóviles confiscados no hubieran autorizado su uso, y sin su anuencia o conocimiento los vehículos hubieran sido utilizados para la comisión de delitos, tales dueños son terceros inocentes protegidos de la confiscación. *General Accident Ins. Co. v. E.L.A., supra,* págs. 472-474.

A tenor, el dueño de la propiedad podrá impugnar la confiscación mediante la presentación de una demanda en contra del ELA y el funcionario que autorizó la confiscación. *Íd.* La disposición legal presume la legalidad y

corrección de la confiscación independientemente de cualquier otro caso penal, administrativo o que este relacionado a los mismos hechos. *Íd.* Consecuentemente, el demandante tendrá el peso de la prueba para derrotar la legalidad de la confiscación. *Íd.*

El Artículo 25 del estatuto bajo examen establece que los vehículos alquilados a corto plazo por una empresa acreditada para el arrendamiento de vehículos, que es utilizado para la comisión de un delito, no podrán ser confiscados, salvo que se pruebe la existencia de un vinculo delictivo entre el dueño del vehículo y la persona que lo alquila o lo maneja. 34 LPRA sec. 1724v. Para que se considere que el vehículo fue alquilado a corto plazo, dicho alquiler no puede exceder un periodo de tres (3) meses, este término incluye renovaciones, extensiones o modificaciones del contrato. (Énfasis provisto). *Íd.* De igual forma, para que la empresa pueda levantar la defensa deberá verificar que el arrendador del vehículo, siempre que sea una persona natural, sea un conductor autorizado bajo las leyes del ELA. *Íd.* A su vez, la empresa deberá incluir en el expediente de la unidad arrendada, una fotografía o fotocopia de la licencia de conducir de la persona a quien se entregó el vehículo. *Íd.*

**III. Aplicación del Derecho a los hechos**

a.

Según ya hemos advertido, la *Sentencia* cuya revocación nos solicita el apelante fue dictada sumariamente, por lo que nos compete examinar *de novo* la moción de sentencia sumaria instada ante el TPI, junto al escrito en oposición, más los documentos incluidos por las partes, para llegar a nuestras conclusiones. En este ejercicio, resulta de umbral determinar si las partes cumplieron con los requisitos formales que dimanan de la Regla 36 de Procedimiento Civil, *supra*, para su consideración. *Roldán Flores v. Cuebas*, supra; *Meléndez González et al. v. M. Cuebas*, supra. En torno a esto, juzgamos que ninguna de las dos partes se atuvo de manera rigurosa a los

requisitos que imponen las Reglas 36.3(a) y (b) de Procedimiento Civil, 32 LPRA Ap. V., respectivamente.

Sin ánimos de ser exhaustivos, (por cuanto, de todos modos, consideraremos los méritos de las respectivas mociones), e iniciando con la moción de sentencia sumaria, a pesar de que la Regla 36.3(a)(4)[5] exige una *relación concisa y organizada en párrafos enumerados de todos los hechos materiales sobre los cuales no haya controversia sustancial,* **con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos**, (énfasis provisto), en su proposición de hechos incontrovertidos AAA aludió a la documentación que incluyó para establecer los hechos propuestos de manera genérica, sin indicación precisa de en qué página o párrafos se encontraba.

Por otro lado, aunque la Regla 36.3(b)(2) de Procedimiento Civil le exige a la parte que se opone a una moción de sentencia sumaria incluir *una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinente que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible donde se establecen los mismos*[6], en su escrito en oposición a moción de sentencia sumaria el Gobierno procedió a enumerar los hechos que estimaba que estaban en controversia, antes de enumerar y entonces confrontar la lista de hechos propuestos como incontrovertidos por la AAA en su moción de sentencia sumaria. De igual modo, cuando el Gobierno incluyó una lista de *hechos en controversia*, no se refirió a la enumeración de los hechos propuestos por AAA en su moción dispositiva para controvertirlos.

A pesar de los ejemplos de defectos de forma aludidos, hemos decidido atender los asuntos planteados.

---

[5] 32 LPRA Ap. V, R. 36.3(a)(4).
[6] 32 LPRA Ap. V, R. 36.3(b)(2).

b.

Habiendo superado el tema de las formalidades, corresponde entonces verificar si la parte promovente de la solicitud de sentencia sumaria logró establecer los hechos materiales que propuso como incontrovertidos, con la prueba documental que incluyó para sostenerlos, o si el Gobierno los impugnó con la debida documentación.

En este sentido, primero se nos impone determinar si no existen hechos materiales en controversia, por la prueba documental que así los hubiese dejado establecidos, antes de considerar cualquier asunto de derecho presentado. De esto se sigue que, si determináramos que persisten hechos en controversia, la única vía procesal posible sería la de remitir el asunto nuevamente al TPI para que los dilucide mediante juicio en su fondo, sin que nos pronunciemos sobre el derecho aplicable a los hechos a ser dirimidos.

Enseguida reproduciremos cada uno de los siete hechos que la AAA identificó como incontrovertidos en la moción de sentencia sumaria, junto a la prueba documental incluida para tal propósito, para determinar si, en efecto, no hay controversias sobre ellos:

1. Mediante carta fechada el 2 de mayo de 2023 y recibida el 30 de mayo de 2023, la parte demandante fue notificada de la confiscación del vehículo Hyundai, modelo Palisade SE, con tablilla JZH-862 del año 2023. (ANEJO 1 Carta Departamento de Justicia).

Coincidimos con el TPI al adjudicar que no hay controversia sobre este hecho. El anejo incorporado por AAA para tales fines da cuentas del hecho propuesto,[7] y el propio Gobierno así también lo admitió en su escrito en oposición a moción de sentencia sumaria.[8]

2. El vehículo antes descrito pertenece y es propiedad de AAA CAR RENTAL, INC. H/N/C NEXT CAR ALL VEHICLES RENTAL y es utilizado como parte del negocio de alquiler de autos de la parte demandante. (ANEJO 2, *Certificado de Título*).

---

[7] Apéndice del recurso de apelación, pág. 56.
[8] *Íd.,* pág. 71.

El *Certificado de Título* aludido, expedido por el DTOP[9], sirve para establecer el siguiente hecho de manera incontrovertida: que AAA CAR RENTAL INC., es dueño registral del vehículo Hyundai, modelo Palisade SE, con tablilla JZH-862 del año 2023.

Sin embargo, y contrario a lo determinado por el foro apelado, de tal documento **no** surge información que indique o precise para qué en particular era destinado dicho vehículo por la compañía. Es decir, de la sola lectura del documento no se desprende información que sostenga la conclusión de que la AAA *dedicaba el vehículo como parte del negocio de alquiler de autos*, lo que constituye una especulación.

Al afirmar lo anterior no estamos excluyendo la posibilidad de que, en efecto, el Hyundai descrito sea parte de la flota de autos para el alquiler con la que cuenta AAA, pero esta información no surge del documento bajo examen.

3. AAA CAR RENTAL, INC. cuenta con legitimación activa para incoar la demanda. (SUMAC 11).

De ordinario correspondería identificar esta aseveración como una conclusión de derecho, en lugar de una determinación de hecho. Sin embargo, tomando en cuenta el tracto procesal aquí reproducido, lo cierto es que no hay controversia de que el TPI adjudicó este asunto, mediante *Resolución* de 24 de abril de 2024,[10] por lo que constituye la ley del caso.

4. La parte demandante arrendó el vehículo al Sr. José F. De Jesús el 5 de febrero de 2023 bajo el contrato número 96567. En el contrato antes descrito figura como conductor adicional el Sr. Tyrone J. Beltrán Lugo. (ANEJO 3 Contrato 96567).

Los anejos incluidos por AAA para establecer los hechos aquí propuestos como incontrovertidos, páginas 59-67 del apéndice de recurso de apelación, **no** cumplieron tal propósito. Veamos.

---

[9] *Íd.*, pág. 58.
[10] Ver apéndice III del *Alegato en oposición a recurso de apelación.*

En el primero de dichos documentos, titulado *Contract and Vehicle*[11]*,* en lo pertinente, surge el nombre del señor De Jesús, con su información personal, como arrendatario, y el del señor Beltrán Lugo, también con información personal, identificado como arrendatario adicional. En la descripción del vehículo, surge la del Hyundai, en los mismos términos del vehículo que fue confiscado. No obstante, en un recuadro de este documento surge la expresión ***declined payment***, además, **los espacios destinados a las firmas del arrendatario y el arrendatario adicional están en blanco**, careciendo de firma, y sus márgenes tampoco fueron iniciados. De hecho, ninguno de los espacios preimpresos que se proveen en este documento contienen información alguna, fueron dejados en blanco, salvo la indicada en las primeras dos oraciones de este párrafo. En definitiva, no hay duda de que este documento no cumple el propósito de establecer que el señor De Jesús arrendó el Hyundai que fue confiscado, (más bien parece indicar que este no pudo pagar por dicho modelo de vehículo, o confrontó alguna otra dificultad, y por eso el referido *declined payment* que se hizo claramente constar en el documento).

El próximo anejo incluido por AAA, que presuntamente forma parte del contrato, muestra similares carencias a las descritas en el párrafo que antecede para demostrar el hecho que se propuso como incontrovertido.[12] Esta hoja es igualmente titulada como *Contract and Vehicle,* y, en lo pertinente, incluye el nombre del señor De Jesús, con su información personal, como arrendatario, y el del señor Beltrán Lugo, junto a su información personal, identificado como arrendatario adicional. En la descripción del vehículo, surge la del Hyundai, en los mismos términos del vehículo que fue confiscado. No obstante, a diferencia de la hoja descrita en el párrafo que precede, en uno de los recuadros de este documento surge la expresión "*veh.* (sic) *no ha llegado a la tienda"*, y los espacios destinados a

---

[11] Apéndice del recurso de apelación, pág. 59.
[12] *Íd.*, pág. 60.

las firmas del arrendatario y el arrendatario adicional también aparecen en blanco, careciendo de firma alguna, como tampoco muestra iniciales en sus márgenes o información en los demás recuadros que permanecieron en blanco. De nuevo, a partir del mensaje que sí quedó plasmado en este documento, *veh.* (sic) *no ha llegado a la tienda,* lo que aparentaría indicar es que el Hyundai confiscado **no** estaba en la tienda al momento en que los referidos señores se disponían a alquilarle el auto al apelado.  En cualquier caso, lo cierto es que esta hoja **no** cumplió el propósito de establecer que los referidos señores hubiesen alquilado el Hyundai objeto de la confiscación.

La próxima hoja incluida en la moción de sentencia sumaria es idéntica a las dos antes descritas, salvo por la diferencia de que en el recuadro donde la primera indicó *declined payment,* y la segunda *veh.* (sic) *no ha llegado a la tienda,* en esta se *aparenta* haberla dejado en blanco.[13] Afirmamos que dicho recuadro *aparenta* haberse dejado en blanco pues lo cierto es que la copia ante nosotros muestra unas pequeñísimas marcas que resultan indescifrables. De todos modos, una vez más, este documento **no** sirve para establecer el hecho propuesto de que los señores que allí se mencionan hubiesen alquilado el Hyundai confiscado.

Entonces, en la próxima hoja, bajo el título de *Contract and Vehicle*, nuevamente surge el nombre del señor De Jesús, con su información personal, como arrendatario, y el del señor Beltrán Lugo, también con información personal, identificado como arrendatario adicional. Sin embargo, **y en marcada distinción de las tres hojas antes descritas**, en el espacio reservado para la descripción del vehículo alquilado surge la siguiente información: **2021 *Kia Seltos*, tablilla JKK-622, vin# KNDEP2AA8M7137891, vehicle#: 801** (Énfasis y subrayado provistos).[14] En este documento, a diferencia de los tres antes descritos, **fueron llenados todos los espacios provistos y surgen sendas firmas que corresponden al arrendatario y al arrendatario adicional, junto a las iniciales en los**

---

[13] Apéndice el recurso de apelación, pág. 61.
[14] *Íd.,* pág. 62.

**recuadros donde se obligan los firmantes con el arrendador**. A partir de la sola lectura de este documento el único hecho que cabría conceder como incontrovertido es que los señores allí firmantes alquilaron del apelado el vehículo 2021 *Kia Seltos*, tablilla JKK-622, vin# KNDEP2AA8M7137891.

Resulta necesario pausar aquí para señalar que el contenido de la hoja descrita en el párrafo que precede debió llamar la atención del TPI, porque *hiere a la retina,* que se trata del arrendamiento de **un vehículo distinto al que fuera confiscado y es el objeto de la presentación de la *Demanda,*** (simplemente, el vehículo confiscado **fue un Hyundai, no un Kia**). Este documento no solo resulta inservible para establecer que los señores De Jesús y Beltrán Lugo alquilaran el Hyundai que fue objeto de la confiscación que se trata de impugnar, sino que **ni siquiera se puede establecer en este momento procesal su pertinencia para el caso ante nosotros**. Es decir, en tanto este documento no contiene información alguna sobre el vehículo Hyundai que fue confiscado, (único objeto de la causa de acción que dio lugar al pleito ante nosotros), resultaría inadmisible en el juicio como prueba, salvo que AAA lograra demostrar su pertinencia para otro propósito.

De mayor importancia aún resulta percatarse que, visto que la defensa de tercero inocente alzada por AAA para impugnar la confiscación del Hyundai depende del cumplimiento de dos requisitos: si el conductor del vehículo no obtuvo la posesión de manera voluntaria; **o si este se apartó sustancialmente de las medidas cautelares o las instrucciones particulares expresadas de quien entregó dicha posesión o uso**, resulta esencial establecer con precisión en qué documento-contrato, si alguno, que hubiese suscrito el conductor del vehículo confiscado, AAA plasmó las *instrucciones particulares* sobre su debida utilización, (lo que incluyen posibles prohibiciones sobre su uso ilegal), que lo colocaran en posición de esgrimir la aludida defensa.[15]

---

[15] Sobre la discusión de este asunto de derecho, véase una reciente *Sentencia* de este mismo Panel, en el KLAN202401105.

En conclusión, la documentación que aquí hemos disectado, en manera alguna sostiene como un hecho incontrovertido que los señores De Jesús y Beltrán Lugo le hubiesen alquilado a AAA **el vehículo Hyundai objeto de la confiscación que se impugna**. Este hecho esencial permanece en controversia. En la misma tónica, el resto de la documentación incluida para establecer este hecho, (pagos de ATH e identificaciones de los mencionados señores[16]), tampoco contribuye en modo alguno para que concluyamos que está incontrovertido.

> 5. El contrato antes descrito establece toda la información requerida por ley para el alquiler de vehículos a corto plazo y establece las directrices, términos y condiciones para el uso del vehículo. Las prohibiciones para la utilización del vehículo están claramente detalladas en el inciso número 5 del Rental Agreement Terms and Conditions. (ANEJO 3 Contrato 96567).

Esta presunta *determinación de hechos*, presenta varios problemas. El primero de los tales es que *no* se trata propiamente de una *determinación de hechos*, sino de una *conclusión de derecho*. Ya habíamos enfatizado que *se considera una conclusión de derecho cualquier deducción o inferencia de un hecho probado que representa la aplicación de un principio de ley, razonamiento lógico o una opinión jurídica de un hecho probado, deducido o inferido del hecho. Lugo Montlalvo v. Sol Melia Vacation*, supra, pág. 226. En este sentido, la determinación sobre si un contrato contiene *las advertencias necesarias al arrendatario de un vehículo a corto plazo para ubicar al arrendador dentro de la figura del tercero inocente* comporta un ejercicio adjudicativo de derecho. Aunque se pueda hacer una determinación acerca de las advertencias que contenga un contrato, la conclusión sobre si son o no suficientes para aplicar la figura jurídica mencionada es una determinación de derecho.

El segundo de los problemas con esta propuesta de hecho incontrovertido es que, hasta el momento, con la documentación presentada por AAA **no se ha logrado vincular a los señores De Jesús y Beltrán Lugo**

---

[16] Apéndice del recurso de apelación, págs., 63-67.

**con el alquiler del vehículo Hyundai confiscado**, (solo con el Kia). En este sentido, de nada sirve para propósitos de la determinación sobre el *tercero inocente* el que estos hubiesen arrendado un auto distinto al que fue incautado. De nuevo, es impertinente el contrato, junto a sus cláusulas, firmado por dichos señores con AAA, si el vehículo arrendado fue el Kia, en lugar del Hyundai confiscado.

5. AAA CAR RENTAL INC. utiliza como localidad NEXTCAR RENTAL (nombre comercial) para hacer negocios como. (ANEJO 4 Certificado de Registro de Comerciante).

Sobre este hecho no hay controversia, y juzgamos que el *Certificado de registro de comerciante*[17] presentado como prueba de ello resulta suficiente en derecho para sostenerlo.

6. NEXTCAR Rental no es una corporación registrada en el Registro de Corporaciones del Departamento de Estado de Puerto Rico. (ANEJO 5 Búsqueda negativa Registro de Corporaciones del Departamento de Estado de Puerto Rico).

Finalmente, aunque en la *Moción de Sentencia Sumaria* se aludió a un *Anejo 5* para establecer este hecho propuesto, **no fue incluido como evidencia.** Por tanto, huelga decir que, en ausencia en el expediente del presunto *Anejo 5*, este hecho permanece en controversia.

c.

Finalmente, a tenor con lo resuelto en *Roldán Flores v. Cuebas*, supra; *Meléndez González et al. v. M. Cuebas*, supra, nos corresponde dar cumplimiento con la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, realizando la determinación de los hechos esenciales sobre los cuales no hay controversia sustancial, y los que permanecen en controversia.

Los hechos materiales que no están en controversia son los siguientes:

1. Mediante carta fechada el 2 de mayo de 2023, AAA fue notificada de la confiscación del vehículo Hyundai, modelo Palisade SE, con tablilla JZH-862, del año 2023.

2. AAA Car Rental, Inc. es una compañía haciendo negocios como Next Car All Vehicles Rental.

---

[17] Apéndice del recurso de apelación, pág. 68.

3. AAA Car Rental, Inc. cuenta con legitimación activa para incoar la demanda.

4. AAA Car Rental, Inc figura como titular o propietario del vehículo Hyundai, modelo Palisade SE, tablilla JZH-862, año 2023.

Persisten como hechos materiales en controversia:

1. Para qué propósito destinaba AAA el vehículo confiscado, Hyundai, modelo Palisade SE, tablilla JZH-862, año 2023.

2. Si AAA arrendó el vehículo confiscado, Hyundai, modelo Palisade SE, tablilla JZH-862, año 2023, al Sr. José F. De Jesús el 5 de febrero de 2023, teniendo como conductor adicional el Sr. Tyrone J. Beltrán Lugo.

3. Si existía un contrato vigente suscrito por las partes que preceden, para el arrendamiento a corto plazo del vehículo Hyundai, modelo Palisade SE, tablilla JZH-862, año 2023, para la fecha en que fue confiscado.

4. Si Nextcar Rental no es una corporación registrada en el Registro de Corporaciones del Departamento de Estado de Puerto Rico.

Según ya explicamos, solo de la parte apelada lograr probar que existía un contrato de alquiler a corto plazo vigente al momento de la confiscación de la del vehículo Hyundai, modelo Palisade SE, tablilla JZH-862, año 2023, suscrito por el Sr. José F. De Jesús, entonces el TPI estará en posición de interpretar si en sus cláusulas fueron incluidas ***cláusulas particulares y específicas para evitar el uso ilegal de la propiedad en la comisión de un delito***.

## IV. Parte dispositiva

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, se *revoca* la *Sentencia* apelada. En consecuencia, se devuelve el caso al foro apelado para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones